## PIKE vs. BRIGHT.

[ACTION ON OPEN ACCOUNT, COMMENCED IN JUSTICE'S COURT.]

1. *Waiving tort and suing in assumpsit.*—In an action *ex contractu*, commenced in a justice's court, damages cannot be recovered for torts or trespasses : the doctrine of waiving a tort and bringing assumpsit is confined to cases where the wrong-doer has disposed of the property, and has received money, or something else as money.

2. *Implied promises.*—No recovery can be had against a person for money lent to his step-son, in his absence, and without his request or promise ; nor upon a contract, made with his step-son, for the use of a stock-pasture, in the making of which contract defendant did not "have anything to do"; nor for the use of the stock-pasture, upon proof merely that his stock went into it and used it, without proof of any express contract or promise on his part to pay for it, or of any facts from which the law would imply such promise.

3. *Transfer of judgment.*—The transfer of a judgment, upon condition that the transferree "was to pay for it if he could make anything out of it," does not constitute him "the party really interested" in it, (Code, § 2765,) nor invest him with such property that he can sue on it before a justice of the peace.

4. *Judgment reversed and rendered.*—In an appeal case from a justice's court, founded on a contract, and involving less than twenty dollars, the appellate court, on reversing the judgment of the circuit court, will itself render the proper judgment, when all the evidence is set out in the bill of exceptions.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Jasper Bright against James A. Pike, and was commenced in a justice's court; but the record nowhere shows any statement of the cause of action, except so far as it may be ascertained from the bill of exceptions, which is as follows: " On the trial of this cause, which was tried by the presiding judge, (the amount claimed not requiring a jury,) the plaintiff introduced the following account :—

|  |  | ' James A. Pike to Jasper Bright, | Dr. |
|---|---|---|---|
| Nov., | 1850. | To 38 bundles of fodder, | $ .75 |
| Dec., | " | " cash loaned, | .40 |
| March, | 1851. | " 3 bushels of potato seed, | 1.50 |
| " | " | " 6 cups of coffee, | .25 |
| " | " | " salt, about 1 quart, | .10 |
| August, | " | " use of stock-pasture, | 4.75 |
| " | " | " meal loaned, and flour, | .50 |
| Dec., | " | " judgment in favor of J. C. Terry v. Pike, | 3.55 |
|  | 1852. | " one axle-tree, | 1.00 |
|  | " | " driving cart one day, | 1.00 |
|  | " | " well-rope, | 1.92 |
|  | " | " witness-ticket in case of State v. Pike, | 1.70 |

$17.42

" Plaintiff then offered himself as a witness, and swore to the account, and that it had not been paid. On cross-examination, he stated, that the item for cash loaned was not lent to the defendant in person, but to one William Elkins, who was defendant's step-son; that defendant was not present when it was lent, nor had he requested him to lend it; also, that the use of the stock-pasture was obtained by a contract between plaintiff and said Elkins, defendant not being present, and having nothing to do in the making of said contract, and having never spoken to him about it; that he had never agreed with defendant to let him put his stock in said pasture, but that he had seen defendant's stock in said pasture, and did not know whether defendant had seen them or not; that the gap of said pasture was sometimes up, and sometimes

down; that said Elkins was living in defendant's family, and working for him, and was under age. He further stated, on cross-examination, that defendant was not present when the axle-tree charged in the account was made, nor when the day's driving was done ; that said Elkins was moving him (plaintiff), and during the day's journey the axle-tree of the cart broke, and he put in one ; that he did said driving on that day ; also, that he had lost the witness-certificate charged in the account, but that it was in a case of the State against defendant, and he (plaintiff) was a witness for the State ; also, that the well-rope charged belonged to one Voten, from whom he borrowed it, and lent it to defendant ; that it was not returned, and he bought another, at $1.92, and gave it to said Voten.

"Defendant was then sworn as a witness, and stated, that the account was not just, and that he was not indebted to plaintiff ; that he did not move plaintiff, did not undertake to do it, and did not have it done ; that the oxen and cart belonged to said Elkins, and, if Elkins moved plaintiff, it was without defendant's knowledge, and he had nothing whatever to do with it, and was absent from home at the time ; also, that if any contract was made with plaintiff for the use of his stock-pasture, it was done without his (defendant's) knowledge, consent, or ratification, and if his stock were in it, it was without his knowledge ; also, that he sent the money to pay for the potatoes, with which he was charged, by said Elkins, and believed it was paid. Defendant then introduced plaintiff's admission, made for the purpose of a trial, viz., that one Ogletree, a justice of the peace, if present with his docket, would prove that, in a suit instituted before him, by plaintiff against defendant, defendant obtained judgment, in February, 1853, before this suit was brought, for $4.18¾ ; and that said judgment was in full force. He further offered in evidence plaintiff's admission, made for the purpose of a trial, that said Elkins, if present, would swear that he had paid for said potato-seed, and that he had worked for plaintiff ; and that, on settlement for his services, by arrangement made with defendant, Elkins agreed for plaintiff to retain the amount of the witness-ticket, and it was done. Defendant introduced one Elliott, who testified, that he had bought said

judgment from Terry, on condition that he could use it in this suit.

"Plaintiff then introduced said Terry as a witness, who testified, that defendant admitted to him the getting of the fodder and potatoes sued for ; that he (Terry) had transferred said judgment to plaintiff, before the commencement of this suit, upon condition that plaintiff was to pay for it if he could make anything out of it.  He also introduced James Fike, who testified, that, at the instance of plaintiff, he was in company on the day plaintiff moved, and assisted in moving him ; that he made the axle-tree charged for ; that it was nothing but a pine pole, sharpened, and stuck in the wheels, and was worth nothing ; that the oxen and cart were got at defendant's house, and a step-daughter was driving ; that witness drove the cart ; that defendant was not at home when plaintiff was moved, and was not present at any time when the moving was being done.  Plaintiff also introduced Mr. Voten, who swore, that he lent plaintiff a well-rope, and did not see it again for some time ; that it was then so damaged he would not receive it, and plaintiff gave him another ; that the rope was not worth more than 75 or 80 cents when new.  He also introduced the record of the State against said defendant, in which plaintiff was a witness, and defendant was convicted.  He also introduced several witnesses, who testified, that they were acquainted with defendant's general character for truth and veracity in his neighborhood ; that his said character was bad, and from it they would not believe him on oath.  He also introduced the justice's docket, showing said judgment against defendant in favor of Terry, which was transferred thus : 'This judgment is subject to Jasper Bright's order.'  Defendant also introduced a transcript of the judgment in his favor, against said plaintiff, for $4.18¾.

"This was all the evidence in the cause ; and thereupon the court rendered judgment against the defendant, for $3.49, and the defendant excepted."  The rendition of this judgment is now assigned as error.

J. J. WOODWARD, ALEX. WHITE, and D. W. BAINE, for appellant.  MORGAN & MARTIN, contra.

RICE, C. J.—This is an action *ex contractu*, brought originally before a justice, to recover on an account under twenty dollars.—Code, §§ 2765, 2766. There can be no recovery in it, except upon a contract or promise, express or implied. It cannot be treated as an action to recover damages for torts or trespasses. The doctrine of waiving a tort and bringing assumpsit, has no application to the facts of this case ; as that doctrine is confined to cases, where the wrong-doer has disposed of the plaintiff's property, and has received either money, or some other thing as money ; and does not extend to cases of mere conversion, or detention of the plaintiff's property, without any sale of it.—Crow v. Boyd, 17 Ala. R. 51.

2. The action being brought against a step-father, no recovery can be had for money lent to his step-son, in the absence, and without the request or promise of the step-father; nor upon proof merely of a contract of the step-son with the plaintiff, in the making of which the step-father did not have "anything to do," for the use of a stock-pasture ; nor upon proof merely that the defendant's stock went into and used the plaintiff's stock-pasture, without proof of any express contract or promise on the part of defendant to pay therefor, or of any facts from which the law would imply a promise on his part to pay therefor.

3. The transfer by Terry of his judgment against the defendant, to the plaintiff, "upon condition that plaintiff was to pay him for it, if he could make anything out of it," did not invest the plaintiff with such property in that judgment as entitled him to recover on it in this action.—Adams v. McGrew, 2 Ala. Rep. 675. That transfer does not constitute him "the party really interested" in that judgment : if he cannot make anything out of it, he is not to pay Terry anything for it ; if he makes anything out of it, he is to pay Terry. Terry is "the party really interested" in that judgment, and the plaintiff in this suit cannot be permitted to recover for Terry's use.—Code, § 2765.

Applying the principles above laid down to the evidence in this case, we must disallow the following items of plaintiff's account, to-wit : for the cash lent to defendant's step-son, for the use of stock-pasture, for the judgment in favor of Terry,

for the axle-tree, for driving cart, and for the well-rope. The item for potatoes must be disallowed, because the proof shows that the potatoes were paid for ; and for the same reason, the witness-ticket in the State case must be disallowed,—even if it were conceded that a witness for the *State*, in a criminal prosecution, could enforce his certificate against the defendant, in such an action as the present.

The four other items in plaintiff's account, amounting in the aggregate to $1.60, must be allowed to him ; but the judgment for $4.18¾ rendered by a justice on the 1st Saturday in February, 1853, in favor of the defendant against the plaintiff, must be allowed to the defendant. Upon the whole, computing interest, we find that the plaintiff is indebted to the defendant in the sum of $3.24 ; and for that amount judgment must be here entered for the defendant against the plaintiff.

4. As the case is one *ex contractu*, and for less than twenty dollars, and not one in which either party is entitled to a trial by jury in the circuit court; and as all the evidence is set forth in the bill of exceptions, we shall exercise the authority conferred on us by section 3034 of the Code, and reverse the judgment of the court below, and render the proper judgment. A judgment must be here entered reversing the judgment below, and in favor of appellant, for $3.24, and the costs of this court and of the court below.