# Miller v. The State.

### Indictment for Murder.

1. *Misnomer; how taken advantage of.*—The misnomer of the defendant must be taken advantage of by plea in abatement, before arraignment and plea to the merits; it is too late to raise the objection afterwards.

2. *Jury; when must fix term of imprisonment.*—On conviction for murder in the second degree, the jury may affix imprisonment in the penitentiary for any number of years they see fit, not less than ten.

3. *Murder in the first degree; how long malice and premeditation must exist to constitute.*—Deliberation and premeditation need not exist for any appreciable space of time, before a willful and malicious killing, to constitute murder in the first degree.

4. *Charge; when should be given.*—A written charge, asserting a correct legal proposition, and not abstract, can not be condemned as misleading, because it is founded on part only of the evidence, or may seem to give undue prominence to the facts on which it is predicated. It should be given, followed by additional explanatory charges from the court.

APPEAL from Circuit Court of Russell.

Tried before Hon. J. E. COBB.

The appellant, under the name of William A. Miller, was indicted for the murder of one John Ford. There was some evidence tending to show that the defendant apprehended an attack from Ford. The evidence showed that the deceased and accused had met, about an hour before the killing, and attempted to fight, but had been prevented from doing so by mutual friends; that the accused had left the place, and shortly afterwards returned with a pistol. The deceased was standing in front of a store, when accused went up to him and asked if he meant what he said about him that morning. He replied: "Yes, God damn you, I did." The defendant then struck him in the face with his fist, and after a short struggle, stepped back, and fired upon him with a pistol, inflicting a wound which killed deceased.

The defendant then asked, among others, the following charge: "If the jury believe from the evidence that the defendant had good reason to apprehend an attack from the

[Miller v. The State.]

deceased, before he got his pistol, he had a right to get his pistol to defend himself." This charge the court refused. The jury having remained out all night, without being able to agree, came into court and asked "what length of time should be allowed to expire before premeditation or malice might be assumed to ensue." To this inquiry the court replied "that no particular length of time was necessary; that premeditation or malice might ensue upon the instant; that all the jury had to do was to ascertain from all the evidence whether or not it existed at the time of the shooting; that if it did so exist, and the killing was done by defendant, and done with premeditation, deliberation, willfulness, and malice, they could find the defendant guilty of murder in the first degree; but that these four ingredients were necessary to constitute murder in the first degree, and that the jury must be able to say that the killing was a willful, deliberate, and malicious killing, before they could find the defendant guilty of murder in the first degree." To this charge defendant excepted.

The jury found the defendant guilty of murder in the second degree, and affixed as punishment imprisonment in the penitentiary for forty years. Motion in arrest of judgment was made, on the ground that the indictment stated the name of the prisoner to be William A. Miller, while his true name was Wiley A. Miller, and that the jury having returned a verdict of guilty of murder in the second degree, had, in effect, affixed as punishment the punishment provided by law for murder in the first degree, viz., imprisonment for life." This motion was overruled, and sentence · passed on the verdict.

Neither record nor docket gives name of counsel for appellant.

JOHN W. A. SANFORD, Attorney General, *contra*.

BRICKELL, C. J.—The misnomer of a defendant in an indictment is matter of a plea in abatement, not of objection on the trial after arraignment and the plea of not guilty, or of motion in arrest of judgment.

The statute commits to the discretion of the jury the punishment of murder in the second degree, subject to no other limitation than that it must be imprisonment in the penitentiary, or hard labor for the county, for a term not less than ten years. If the facts of the case seem to them to require it, they may impose imprisonment for life, or for any number of years exceeding ten.—R. C. § 3654.

[Miller v. The State.]

The charges given by the court are free from error. They assert only the familiar rule that, to constitute murder in the first degree, there need not be, for any appreciable space of time before the killing, deliberation and premeditation on the part of the slayer. These must concur with willfulness and malice to make up the offense. It is enough that they existed, though instantaneous with the commission of the deed.—Whart. Hom. § 180; *People v. Williams*, 43 Cal. 344.

Previous preparation for a rencounter evinces deliberation and premeditation, and unexplained is evidence of express malice. It may have been argued for appellant that he did not obtain and carry the pistol after the first altercation for the purpose of attack, but for defense, and that therefore the inference of malice which could be properly drawn from the fact, was repelled. It is a legal, constitutional right to bear arms. The only restraint on the right is that they must not be concealed about the person. This restraint is removed, if the person has good reason to apprehend an attack.—R. C. § 3555. As an abstract legal proposition, it may be correctly asserted that if the appellant had good reason to apprehend an attack from the deceased, he had the right to arm himself for defense. Such reason appearing, the presumption of malice would be lessened, or it may be entirely repelled, in the judgment of the jury. The difficulty we have is not in the correctness of the proposition, but in reaching the conclusion the record discloses evidence rendering it applicable to this case. We can not say, after a careful examination of the record, there is not some evidence, though it may be weak, or countervailed by other evidence, rendering it proper the proposition should have been given in charge to the jury. Without such evidence, the charge requested, asserting the proposition, would have been abstract, and its refusal not erroneous. The rule of this court is, that a charge based partly or entirely on a state of facts, of which there is no evidence, should be refused.— 1 Brick. Dig. 338, § 41. But a charge can not be considered abstract when there is evidence, however weak, tending to support it.—Ib. § 42. Nor can a charge be regarded as misleading because it is founded on a part only of the evidence, or because it may seem to give undue prominence to the facts on which it rests, or to a particular phase of the case. *Bell v. Troy*, 35 Ala. 184. Such a charge would require from the court an additional charge divesting it of the injurious consequences apprehended from it. While we are constrained to the conclusion, the charge requested asserts a correct legal proposition, and is not without some evidence, weak though it may be, to support it, and its refusal erro-

[Richardson v. The State.]

neous, it should have been followed by additional instructions. The right of the appellant was to obtain and carry the pistol for defense, not for aggression. His responsibility for its subsequent use is not diminished because of the right he had to obtain and carry it. If, after having obtained it, he repaired to the place of the first quarrel, expecting to meet the deceased, and provoked the fatal rencounter, the degree of his guilt is the same it would have been if no reason for apprehending an attack had been furnished by the previous conduct of the deceased. Or, if in mutual combat, without the existence of imminent peril to life, or of great bodily harm, he took the life of the deceased, the measure of criminal responsibility is not lessened, because of the existence of a reasonable apprehension of attack, justifying arming for its resistance. The existence of such apprehension in this case, is material only as it affects the question of malice. If, notwithstanding the existence of such apprehension, the jury are satisfied that the killing was malicious—that the weapon was obtained, not for the purpose of defense alone, but with a view to a rencounter, in which the appellant intended to take the life of the deceased, and which he intended to provoke, or did not intend to avoid, the degree of the offense is not mitigated. Accompanied by additional instructions, the charge requested should have been given. The error of refusal compels a reversal of the judgment, and remandment of the cause.

The appellant must remain in custody until discharged by due course of law.