# *Ex parte* Allen.

### *Application for bail on Habeas Corpus.*

1. *Bail in capital cases; practice of appellate court in revising refusal by inferior tribunal.*—On application for bail in a case of homicide, after its refusal by an inferior tribunal or magistrate (Rev. Code, § 4242), where the right to bail depends in a great degree on testimony given *ore tenus*, this court will not reverse the decision of the lower court, unless it clearly appears to be wrong.

The petitioner in this case, Brad Allen, was indicted in the Circuit Court of Choctaw, at its October term, 1876, for the murder of Frank Allen, his brother; and having been arrested under a *capias*, a writ of *habeas corpus* was sued out, returnable before the Hon. B. H. WARREN, the probate judge of said county, to obtain his discharge on bail. On the evidence adduced, which it is not necessary to state, the probate judge refused to allow bail, and remanded the prisoner to jail. A bill of exceptions was reserved by the prisoner to this refusal, in which all the evidence is set out, and on which he renews his application to this court, under section 4242 of the Revised Code.

THOS. H. WATTS and T. W. COLEMAN, for the prisoner.

JNO. W. A. SANFORD, Attorney-General, for the State.

STONE, J.—The testimony in this case is conflicting; some of it tending to prove a causeless killing. Indeed, there is testimony tending to show a previously formed design, evidenced by threats, and other circumstances. On the other hand, there are some circumstances tending to show that the accused fired in defense of himself against an attack, or threatened attack with a knife. The point at which the ball entered the head of deceased, and the direction it took, must weaken to some extent the excuse that deceased was menacing the accused at the time of the homicide. There is even a conflict in the testimony, whether the picked up knife of the deceased was open or shut.

The testimony was given *ore tenus* before the probate judge. He had the witnesses before him, could observe their manner, and was much better qualified to weigh their testimony than we can be. When the right of bail *vel non* depends on the weighing of testimony, the rule of this court is not to re-

[Lee v. The State.]

verse the finding of the primary court.—*Ex parte Weaver*, at the present term. If a verdict of guilty were pronounced by a jury, on the testimony found in this record, and there were no other circumstances against such finding except the insufficiency of the proof, even when the charge and conviction were of the highest grade of homicide, we do not think the presiding judge would feel called upon to set the verdict aside, as not supported by sufficient proof. This is the rule we have laid down in such cases.—*Ex parte McAnally*, December term, 1875.

We do not wish to prejudice the defendant's rights, when they come before a jury for decision. That is not the question before us. The jury should be untrammelled by any thing we have said. We have simply laid down rules which govern us, in granting or withholding relief by *habeas corpus*.

The application of the prisoner is denied, with costs.