# Dargan v. Harris.

## Appeal from Justice's Court.

1. *Finding of facts by court; revision of.*—In an appeal case from a justice's court tried by the court without the intervention of a jury, the amount involved being less than $20 (Code, § 3122), the finding of the court on the facts stands as a substitute for the verdict of a jury; and it will not be disturbed by this court, on error or appeal, except on the same principle which governs courts at *nisi prius* in setting aside verdicts and granting new trials.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. JOHN MOORE.

This action was brought by Melvin Harris, against Andrew Dargan, and was commenced before a justice of the peace on the 2d January, 1880. The justice-rendered judgment for the defendant, and the plaintiff removed the case, by appeal, into the Circuit Court, where he filed a complaint claiming "six dollars for land-rent, due January 1, 1880." "On the trial, as the bill of exceptions states, "the amount claimed being under $20, the cause was tried by the court without the intervention of a jury. The plaintiff, being examined as a witness in his own behalf, testified that he rented certain lands to the defendant, for the year 1879, for the sum of $59, of which $53 was to be paid in money, and the remaining $6 was to be paid by defendant in covering a house; that the defendant had not covered the house, and had never paid said $6 in money. The defendant was examined as a witness in his own behalf, and testified that he rented land from plaintiff for the year 1879; that he had paid plaintiff all the rent he agreed to pay, and did not owe him anything; and that he never promised or engaged to cover any house. This being the substance of all the evidence, the court rendered judgment against the defendant, for said sum of $6, to which decision and judgment the defendant excepted," and he now assigns the same as error.

[City of Selma v. Perkins.]

REID & MAY, for appellant.

SUMTER LEA, contra.

STONE, J.—The plaintiff and defendant were the only witnesses examined on the trial of this case in the court below. Their testimony was in direct conflict. No legal question is shown to have been raised, and the court decided in favor of the plaintiff there, appellee here. The credibility of oral testimony depends, in a large degree, on the manner of the witness on the stand.—*Ex parte Weaver*, 55 Ala. 250; *Ex parte McAnally*, 53 Ala. 495; *Ex parte Allen*, 55 Ala. 258; *Ex parte Nettles*, 58 Ala. 268. The circuit judge had much better opportunities for weighing the testimony, and judging of the credibility of the witnesses, than we can have. He found that plaintiff had proved his claim; and we do not feel authorized to disturb his finding. The case should be strong and clear, to justify a reversal of the court's finding on facts, in a case like this. The statute makes it the duty of the Circuit Court to hear the evidence and decide the facts, without the intervention of a jury, when, as in this case, the sum claimed does not exceed twenty dollars.—Code of 1876, § 3122; *Pike v. Bright*, 29 Ala. 332. His finding stands as a substitute for the verdict of a jury, and should not be disturbed, except on the principles which govern courts at *nisi prius*, in setting aside verdicts of juries and granting new trials. If there had been a question of law before the primary court, as to the relevancy or legality of evidence, or as to the right in law of plaintiff to enforce his demand, or, of the defendant to maintain the defense relied on, this would present a different question.—*Pike v. Bright, supra.*

The judgment is affirmed.