# *Ex parte* **Warrick.**

*Application for Bail on Writ of Habeas Corpus.*

1. *Homicide; presumption of malice from use of deadly weapon.* Where a homicide is committed with a deadly weapon, the *onus* is cast on the defendant to repel by proof the inference of malice the law raises, unless the testimony which proves the killing, proves also the justification or extenuation.

2. *Oral testimony; credibility of, to be determined by the jury.*—The law does not require that any mere oral testimony shall be believed; but of all such, whether given for or against the accused, the jury or other tribunal, charged with the ascertainment of the facts, are the sole judges.

3. *Homicide; when murder and when manslaughter.*—If a homicide is perpetrated pursuant to a previously ·formed design, or in revenge of a previous wrong. real or supposed, it is murder in an aggravated form; but if the fatal blow is struck without a previously formed design, and, immediately preceding it, the deceased "grabbed at" the accused and "started to strike him," the homicide would not rise above voluntary manslaughter.

Application to this court for writ of *habeas corpus* and bail by party indicted for murder.

Benjamin Warrick, the petitioner, being confined in the jail of Pike county under an indictment for the murder of one N. J. Lee, applied to the judge of probate of said county, Hon. W. J. Hilliard, for bail, on a writ of *habeas corpus*, which was refused; and thereupon this application was made, accompanied by a transcript of all the evidence adduced on the hearing before the judge of probate. The evidence, as contained in the record, shows that, on 5th March, 1883, the petitioner cut the deceased with a knife, inflicting a wound in the bowels, from the effects of which he died on the next day; and tended to show that there had been a previous difficulty between the parties, since which they had not been on friendly terms. A dying declaration of the deceased was introduced in evidence, which was, in substance, that the petitioner had cut him, and that before he was cut, he made no hostile demonstrations whatever towards the petitioner; and in this statement he was corroborated by other witnesses. One Hendricks was examined as a witness for the State, among others, who testified, in substance, that a few minutes before the difficulty, the petitioner was standing in the door of his store, leaning against the doorfacing, "whittling on a litttle piece of wood with his knife," and talking to witness, when the latter, seeing the deceased,

Ex parte Warrick.

called to him to come to his store, and went back into his store to get a bundle which the deceased had left there; that when he came back the deceased was cut, and was holding his hands to his bowels; that the deceased having remarked to witness that he was cut, witness asked the petitioner what was the matter, to which he made no reply; and that he then asked him "what the deceased did to him," to which the petitioner replied that the deceased "grabbed at me and started to strike me, and I cut him."

The evidence of the witnesses is stated at length in the record; but the foregoing statement is deemed sufficient for a correct understanding of the opinion.

WATTS & SONS, for petitioner.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The judge of probate had the witnesses before him in this cause, and heard them testify. He refused bail. If he believed Lee, the deceased, made no hostile demonstration immediately preceding the blow stricken by Warrick, then his ruling was clearly right. The homicide being committed with a deadly weapon, unless the testimony which proved the killing, proved also the justification or extenuation, then the *onus* was cast on the defendant to repel by proof the inference of malice the law raises.—*Hadley v. The State*, 55 Ala. 31. The remark of Warrick testified to by Hendricks should be weighed in connection with the other evidence. The law does not require that any mere oral testimony shall be believed. Of all such, whether given for or against the accused, the jurors, or other body charged with the ascertainment of the facts, are the sole judges. If the homicide was perpetrated pursuant to a previously formed design, or in revenge of a previous wrong, real or supposed, then it was murder in an aggravated form. If, immediately preceding the blow, Lee, in the language the witness puts in the mouth of Warrick, "grabbed at him [Warrick], and started to strike him," then the homicide would not rise above voluntary manslaughter, unless the blow was struck pursuant to a previously formed design.

Under our previous rulings, we can not affirm that the judge of probate erred in refusing bail.—*Ex parte McAnally*, 53 Ala. 495; *Ex parte Allen*, 55 Ala. 258; *Ex parte Weaver, Ib.* 250; *Ex parte Nettles*, 58 Ala. 268; *Ex parte Brown*, 65 Ala. 446.

Writ of *habeas corpus* denied.