[Smith v. The State.]

# Smith *v.* State.

*Indictment for Assault with Intent to Murder.*

1. *Sudden passion provoking assault.*—On a prosecution for an assault with intent to murder, a charge requested, to the effect that, "if there was a sufficient provocation to excite sudden passion, and defendant acted under such passion, then the presumption is that passion disturbed the sway of reason, and made him regardless of his act; and if the jury believe this from the evidence, they may find him guilty of an assault and battery merely," asserts a correct legal proposition, and its refusal is error.

2. *Charge as to burden of proof; explanatory charge.*—A charge instructing the jury, in a prosecution for an assault with intent to murder, "that the burden is on the defendant to show 'that he was justified in striking the blow,' or that he acted in self-defense," asserts a correct proposition; and if the defendant apprehends injury from it, as ignoring evidence of extenuating circumstances which might reduce the offense to an assault and battery merely, he should protect himself by asking an additional or explanatory charge.

FROM the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The defendant in this case, Giles Smith, was indicted for an assault on Wash. Thompson, with intent to murder him; was convicted under the charges of the court, and sentenced to the penitentiary for two years. On the trial, he reserved exceptions to several charges given by the court, and to the refusal of several charges asked by him in writing. One of the charges asked and refused was in these words: "(3.) To reduce the offense to an assault and battery, it is not necessary that the defendant, at the time he struck the blow, that the defendant should have been unconscious of what he was doing; but, if there was a sufficient provocation to excite sudden passion, and defendant acted under such passion, then the presumption is that passion disturbed the sway of reason, and made him regardless of his act; and if the jury believe this from the evidence, they may find him guilty of an assault and battery merely."

PARKS & SON, for the appellant, cited *Smith v. State*, 83 Ala. 26; *Miller v. State*, 54 Ala. 155; *Hill v. State*, 26 Amer. Dec. 396; *Jones v. Fort*, 36 Ala. 449; *Bradford v. Murphy*, 12 Ala. 520; *Hair v. Little*, 28 Ala. 236.

[Smith v. The State.]

Thos. N. McClellan, Attorney-General, for the State.

STONE, C. J.—The conflicting testimony in this record places the case in very different categories. That of the prosecutor tends to show he was causelessly assaulted. That of the accused, in addition to another grave provocation, tended to show that he acted only in prevention or defense of a very dangerous assault about to be committed on him by the defendant. It was for the jury to determine what were the facts.

This is the second appeal in this cause.—83 Ala. 26. The testimony on the former trial related to the same transaction, and largely to the same provocation as that set forth in this record. Commenting on a charge which had been given in that case, this court said: "A killing in sudden passion, excited by sufficient provocation, without malice, is manslaughter; not because the law supposes that this passion made him (the slayer) unconscious of what he was about to do, and stripped the act of killing of an intent to commit it, but because it presumes that passion disturbed the sway of reason, and made him regardless of her admonitions."

The meaning of this language is, that in the case hypothesized, and in the absence of facts or circumstances tending to prove formed design, *sudden passion, engendered by sufficient provocation*, raises the presumption that the homicide was the result of the sudden passion; and not of malice, or previous intent. This principle may result, at least in part, from another well recognized principle in criminal administration, that every tangible, reasonable doubt must be resolved in favor of the accused. This presumption, however, may be overcome, and is overcome whenever the facts and circumstances show that the provocation was insufficient in law, or that the killing was the result of malice, or previous intent, special or general.—*Ex parte Nettles*, 58 Ala. 268 ; *Ex parte Warrick*, 73 Ala. 57 ; *Mitchell v. State*, 60 Ala. 26 ; 3 Brick. Dig. 215 ; *Stewart v. State*, 78 Ala. 436. Tested by our former ruling, and by the principles declared above, we hold that charge 3, asked by defendant, ought to have been given.

The following charge was given at the instance of the State, and the defendant excepted : "The burden is on the defendant to show that he was justified in striking the blow, or that he acted in self-defense." The objection to this charge is, that it restricted the defendant to the single

ground of justification, and denied to him the right to show that, for sufficient provocation, and in sudden passion caused thereby, he struck without that malice which distinguishes murder from manslaughter. As we understand the charge, its object was to declare the rule as to the burden of proof— namely, that when it is shown that a blow was struck with a deadly weapon, and the proof of it does not, in itself, contain the exculpatory or mitigating circumstances, then the burden is on the defendant to repel the imputation of malice, which the law presumes from the unexplained use of a deadly weapon.— *Miller v. State*, 54 Ala. 155 ; *Hadley v. State*, 55 Ala. 31; *Ex parte Brown*, 65 Ala. 446. The charge given asserts a correct proposition of law, as to the burden of proof when self-defense is relied on. If counsel apprehended that it did not go far enough, and cover the other phase of his defense, he should have requested a further instruction. It is neither practicable nor desirable that a single charge should cover a whole field of contention. It is enough if it assert a correct legal proposition, when applied to any distinct phase of the evidence. The charge in question asserted the proper rule as to the burden of proof, and it did not assume to go any further.

Reversed and remanded.