# Barnard *v.* The State.

*Indictment for Assault with Intent to Rob.*

`1. *Qualifying and explanatory charges.*—A charge asked must be " given or refused in the terms in which it is written" (Code, § 3756; Sess. Acts 1888-89, p. 90); but the court may, after giving a charge as asked, immediately give an explanatory charge, when necessary or proper to prevent the jury from being misled by the generality of the terms employed.

FROM the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.
The defendant in this case, Charles Barnard, was indicted jointly with Balligan Jones and Tobe Chrystol, for an assault on Alex. Stein, with intent to rob; was tried separately, issue being joined on the plea of not guilty, was convicted, and sentenced to the penitentiary for the term of seven years. On the trial, said Stein testified to the circumstances attending the assault, which was committed on one of the streets in the city of Mobile between twelve and one o'clock at night, on the 9th August, 1888; that he was struck with a sand-bag by one of three persons whom he passed at the corner of the street, and knocked senseless for a few moments; that on recovering his senses he "felt four or five hands all about his body, but not below his hips;" that they did not get his money, but ran away on the approach of a policeman who ran towards them; and he identified the three persons named as his assailants.    The State also introduced as witnesses a police officer, who had seen the three persons named, a few minutes before the assault was committed, going down the street in that direction, and immediately ran to the spot on hearing the cry of Stein; and a woman who lived in the neighborhood, and who was returning home at the time the

assault was committed, and their testimony tended to identify the three assailants. The defendant, testifying in his own behalf, denied that he was one of the assailants, and said that he had left Jones and Chrystol some time before the assault was committed; his two sisters each testified that he came home by twelve o'clock, and was in bed when the police officer came to arrest him; and Tobe Chrystol, whose deposition was taken on interrogatories after sentence to the penitentiary, testified that Barnard was not the third person who was with him and Jones at the time.

On this evidence, the defendant requested the court to charge the jury as follows: "There is no evidence that the defendant struck the witness Stein, and there is no direct and positive evidence that he placed his hands upon Stein at all. The burden is on the State to prove, beyond a reasonable doubt, every essential element of the defendant's guilt. If the evidence fails to show, beyond a reasonable doubt, that the defendant struck, or otherwise put his hand or hands on said Stein, and also fails to show that he knew, before it was done, that Jones or Chrystol, or both, intended to attack Stein, or that he aided or abetted the assault,—then the jury ought to find the defendant not guilty." The bill of exceptions adds: "The presiding judge read this charge to the jury, and marked it *given*; and as soon as he had finished reading it to them, he said: Yes, gentlemen, I give you that; but the court charges you, that it is not always necessary that a case should be proved by positive evidence. If the jury believe from circumstantial evidence that a crime has been committed, it is as much their duty to convict as if it was proved by positive evidence.' The defendant excepted to this action of the court, claiming that, by said remarks, the court had qualified the charge requested."

Wm. L. Martin, Attorney-General, for the State, cited *Eiland v. State*, 52 Ala. 322; *Ward v. State*, 78 Ala. 441.

Stone, C. J.—The accused requested a charge, which the court gave. Immediately afterwards, the court, of its own motion, gave an additional charge. This was excepted to; and it is contended before us that the charge thus given was a qualification of the charge previously requested and given. Sess. Acts 1888–89, p. 90. We can not assent to this. It neither qualifies nor limits any principle or expression found in the former charge. On the contrary, it simply explains

that charge; and the explanation was proper, if not necessary, to prevent the jury from being misled by the generality of the terms employed. Charges entirely correct in principle may have the effect of giving undue prominence to some controverted question raised during the trial, or may be otherwise calculated to confuse or mislead the average juror. It is the duty of the trial judge to lay the pertinent principles of law before the jury so plainly, as that, when facts are ascertained, there can or should be no difficulty in arriving at a proper verdict.—*Bell v. Troy*, 46 Ala. 184, 208-9; *Eiland v. State*, 52 Ala. 322; *Miller v. State*, 54 Ala. 155; *Durrett v. State*, 62 Ala. 434, *Ward v. State*, 78 Ala. 441.

There is nothing in the other exceptions reserved.

Affirmed.

