# Paine *v.* State.

## Indictment for Arson.

1. *Burning inhabited dwelling-house.*—To set fire to or burn an inhabited dwelling-house, is arson in the first degree, whether there is at the time any human being in it or not (Code, § 3780); and if the indictment, after describing the building as an inhabited dwelling-house,

adds the words, "in which there was at the time no human being," these words may be rejected as surplusage.

2. *Same; punishment.*—The punishment of arson in the first degree being, at the discretion of the jury, death or imprisonment in the penitentiary "for not less than ten years" (Code, § 3780), they may impose a sentence to imprisonment for life.

FROM the City Court of Selma.
Tried before the Hon. JONA. HARALSON.

JAS. B. DIGGS, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—The indictment charges that the accused "willfully set fire to, or burned the inhabited dwelling-house of John Ex, in which there was at the time no human being." Section 3780 of the Code, under which the indictment is found, and defendant convicted, declares: "Any person who willfully sets fire to, or burns  .  .  .  . any prison or jail, or any other house or building, which is occupied by a person lodged therein, or any inhabited dwelling-house, or any house adjoining such dwelling-house, whether there is at the time in such dwelling-house any human being or not, is guilty of arson in the first degree, and must, on conviction, be punished at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years."

The statute intends not merely the protection of property, but specially the protection of human life. When an inhabited dwelling-house is burned, the character of the structure constitutes arson in the first degree, without regard to the presence of a human being therein at the time. The indictment, pursuing the words of the statute, laying the burning of an inhabited dwelling-house, sufficiently charges the offense in this respect. The averment, "*in which there was at the time no human being,*" is not descriptive of any element of the offense, is surplusage, and may be disregarded. *Childress v. The State*, 86 Ala. 77.

The statute commits the punishment to the discretion of the jury, and under it, they may punish by death, or by imprisonment in the penitentiary for life, or for any number of years exceeding ten, as the facts of the case may, in their opinion, require.—*Miller v. State*, 54 Ala. 155.

Affirmed.