# *Ex parte* **Richardson.**

*Application for Bail on Habeas Corpus.*

1. *Bail; when should be refused.*—Bail should be refused whenever, on the evidence adduced, the trial judge would sustain a capital conviction by a jury.

2. *Same; weight to be accorded to decision of primary tribunal denying.* Where bail has been denied by a primary magistrate on oral evidence, and his decision is sought to be reviewed, unless such denial appears from the record to have been manifestly and clearly erroneous, the appellate court will not grant bail.

Petition by Andrew Richardson for the writs of *certiorari* and *habeas corpus*, to procure his discharge on bail, which had been refused by Hon. E. HERNDON GLENN, the probate judge of Russell county.

L. W. MARTIN, and JOHN V. SMITH, for the petitioner.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—Petitioner being held to answer an indictment for rape, applied to the judge of probate of Russell county for *habeas corpus* and bail. The writ issued, petitioner was brought before the judge of probate, a hearing was had, and bail denied. On the hearing, many witnesses were examined *ore tenus*, touching petitioner's guilt of the crime laid in the indictment. The evidence on the part of the State tended to show that defendant was guilty as charged, in such sort that the finding of guilt thereon by a jury on final trial would not be disturbed by the court; or, in other words, the evidence for the State was sufficient to support a verdict of guilty on a trial in the Circuit Court. On the other hand, the evidence for the petitioner tended to show an *alibi*, and as a witness in his own behalf he testified that he did not commit the act charged against him. To this state of case the rule laid down for the guidance of

[Clanton v. The State.]

primary courts, that bail should be refused whenever, on the evidence adduced, a trial judge would sustain the verdict of a jury pronouncing the accused guilty and imposing the punishment of death, is applicable.—*Ex parte Nettles*, 58 Ala. 268; *Ex parte McAnally*, 53 Ala. 495; *Ex parte Brown*, 65 Ala. 446; *Ex parte Allen*, 55 Ala. 258; *Ex parte Warrick*, 73 Ala. 57; *Ex parte Sloane*, 95 Ala. 22. And this court will not grant bail in such a case, where it has been denied by the primary magistrate on oral evidence, unless such denial appears from the record here to have been manifestly and clearly erroneous. Authorities *supra*.

The application of these principles to the case at bar leads us to the conclusion that the judge of probate rightly denied petitioner's application for bail, and the same order will be made on the renewal of that application to this court.

Application for *habeas corpus* and bail denied.