[Louisville & Nashville Railroad Co. v. Solomon.]

# Louisville & Nashville Railroad Co. v. Solomon.

*Action against Railroad Company for Negligent Killing of Cow.*

1. *Action against railroad company for negligent killing of cow; when judgment of court without intervention of jury will not be disturbed.*—In an action against a railroad company to recover damages for the negligent killing of a cow of value less than twenty dollars, where the only evidence introduced on the trial of the cause tended to show that the plaintiff's cow "was killed by some train on defendant's railroad at a point where it was straight," and one mile north of a station on the defendant's road, "and distant about three hundred yards from the public crossing," but none of the witnesses examined knew by what train the cow was killed, and did not see the accident, and the value of the cow is proven, a judgment rendered by the court without the intervention of a jury, in favor of the plaintiff, will not be disturbed on an peal.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. WM. S. ANDERSON.

This was an action brought by the appellee, E. W. Solomon, against the Louisville & Nashville Railroad Company, to recover damages for the alleged negligent killing of a cow valued at $17. The suit was instituted in a justice of the peace court, and upon judgment being rendered for the plaintiff, fixing his damages at $15, an appeal was taken to the circuit court. The cause was tried by the court without the intervention of a jury. The recitals in the bill of exceptions as to the evidence introduced upon the trial, was in words and figures as follows: "The plaintiff introduced testimony tending to show that he was the owner of a dun-colored cow, that was killed by some train on defendant's railroad at a point where it was straight and one mile north of the station of Atmore, on the 25th day of January, 1899,

and distant about three hundred yards from a public road crossing; that the value of the cow was from fifteen to twenty dollars. No witness examined knew by what train the cow was struck and did not see the accident. This was all the evidence." Upon this evidence the court rendered judgment for the plaintiff, assessing his damages at $15. From this judgment the defendant appeals, and assigns the rendition thereof as error.

THOMAS G. and CHARLES P. JONES, for appellant, cited *Bir. Min. R. R. Co. v. Harris,* 98 Ala. 326; *E. T. V. & G. R. R. Co. v. Deavers,* 79 Ala. 217; *Western R. v. Sistrunk,* 85 Ala. 352; *Western R. v. Hembree,* 85 Ala. 483.

DAVISON & SMITH, *contra,* cited *M. & O. R. R. Co. v. Williams,* 53 Ala. 599; *A. S. G. R. R. Co. v. McAlpine,* 75 Ala. 118; s. c. 80 Ala. 76; *E. T. V. & G. R. R. Co. v. Bayliss,* 74 Ala. 159.

TYSON, J.—The record shows that this case originated in a justice court, and was appealed to the circuit court. The amount involved being less than twenty dollars, it was there tried by the judge without the intervention of a jury.—Code, § 490.

The only exception shown to have been reserved was one to the judgment rendered. "The case should be strong and clear, to justify a reversal of the court's finding on facts in a case like this. * * * His finding stands as a substitution for the verdict of a jury and should not be disturbed, except on the principles which govern courts at *nisi prius,* in setting aside verdicts of juries and granting new trials."—*Dargan v. Harris,* 68 Ala. 144. We cannot hold that the facts recited in the bill of exceptions and the inferences deducible therefrom are palpably insufficient to support the judgment. We must, therefore, decline to disturb it.

Affirmed.