# Edmondson *v.* Anniston City Land Co.

*Statutory Action of Ejectment.*

1. *Ejectment; admissibility of evidence.*—In an action of ejectment, after the plaintiff had introduced in evidence a deed dated more than twenty years before the trial, purporting to convey the lands sued for, and he had testified that he went into possession of the land under said deed, it is not competent for him to prove that he offered to donate a part of the land in suit to public enterprises, in the absence of further evidence showing that at the time of the offer to make the donation, he was in possession of said land.

[Edmondson v. Anniston City Land Co.]

.2. *Evidence; general objection.*—Where evidence is offered and a part of it is admissible and a part inadmissible, the court will not be put in error for admitting the whole of such evidence against a general objection; since an objection to be available should point out and specify the illegal portion of the evidence offered.

.3. *Ejectment; abstract and misleading charges.*—In an action of ejectment, where there is evidence tending to show that the deed under which the plaintiff claimed the lands sued for, was obtained by fraud and that the plaintiff was guilty of other frauds in reference to said lands, it is not error for the court at the request of the defendant to instruct the jury "that the law abhors a fraud"; and if such charge had any misleading tendency, it was the duty of the plaintiff to request an explanatory charge.

4. *Same; abstract charges.*—In an action of ejectment, where the only testimony relating, in any way, to the sale of the land sued for from one Allen to the plaintiff, was a statement by a witness that the plaintiff "claimed to have bought the land from a Mr. Allen," it is not error for the court at the request of the defendant to instruct the jury that "there is no evidence before this jury of any sale of any land from Allen to" the plaintiff.

.5. *Same; adverse possession; charge in reference thereto.*—In an action of ejectment, where the plaintiff claims to have had adverse possession of the land, but there was evidence for the defendant tending to show that at different times the plaintiff acquired possession of the part of the land sued for by secretly moving his fence and thereby encroaching upon said land, it is not error for the court to instruct the jury at the request of the defendant "that the possession of land which the law protects is an open and notorious possession, and not a secret or furtive possession."

6. *Same; same; same.*—In an action of ejectment, where one of the issues in the case is as to the adverse possession of the land sued for, a charge asserts a correct proposition of law which instructs the jury "that if adverse possession is held without color of title such possession is limited to the portion actually occupied."

7. *Same; same; same.*—In such a case, a charge is free from error which instructs the jury that if at the time of the execution of the deed under which the plaintiff claimed, the defendant or those under whom he claimed was in the adverse possession of said lands, then the said deed to the plaintiff was

[Edmondson v. Anniston City Land Co.]

void as evidence of title, is a correct statement of the law and free from reversible error.

8. *Same; same; same.*—In such a case, a charge is free from error which instructs the jury that "to constitute adverse possession there must be an actual claim of present ownership, accompanied with possession, and a possession with a mere intention to claim in the future is not adverse possession.

9. *Same; burden of proof; charge in reference thereto.*—In an action of ejectment, a charge asserts a correct proposition which instructs the jury "that the burden of proof in this case is on the plaintiff to make out his case to your reasonable satisfaction; and until he has done this, the defendant is not required to prove anything to entitle it to a verdict."

10. *Impeachment of witness; charge in reference thereto.*—A charge is free from error which instructs the jury "that it is a sound rule of law that if the witness is found to willfully swear falsely in one material thing, the jury may disregard the whole of his testimony."

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

This was a statutory action of ejecement, originally brought by the appellant, W. J. Edmondson, against Ben Timmons. The appellee, the Anniston City Land Company, was made a party defendant upon the application stating that the original defendant was a tenant of said Anniston City Land Company.

The cause was tried upon issue joined upon the pleas of the general issue and the statute of limitations of ten and twenty years.

On the trial of the cause the plaintiff introduced in evidence a deed purporting to be from D. A. Garrett to him, dated December 4, 1867, in which the lands sued for were conveyed to the plaintiff.

There was evidence introduced for the plaintiff tending to show that he went into possesion of the land sued for under said deed and had a part of the same under fences and cultivation for more than twenty years, and that he had been in the adverse possession of the same for more than twenty years prior to the time he was dispossessed by the defendant. Upon plaintiff offering to prove that he offered to donate

a part of the land sued for to public enterprises, the defendant objected to the introduction of such. testimony, which objection the court sustained; and to this ruling the plaintiff duly excepted.

The evidence for the defendant tended to show that it and those under whom it claimed the land sued for had been in the open, notorious, continuous and adverse possession of said lands for more than twenty years prior to the time of the institution of the suit. There was introduced in evidence the several deeds to to the different parties under whom the defendant derived title. The first of these deeds was dated April 9, 1866, and the last of such deeds was a deed from the Woodstock Iron Company to the Anniston City Land Company, dated June 10, 1887.

The evidence for the defendant tended to show that the grantees in the said deeds so introduced in evidence went into adverse possession of the said lands at the date of the several deeds and respectively remained in possession until the land was conveyed to the succeeding grantees. There was further testimony for the defendant tending to show that it had been in the open, notorious, continuous and adverse possession of said lands ever since the execution of the deed from the Woodstock Iron Company.

One Mat Clements, a witness for the defendant, testified "he had cut and coaled timber off the land in dispute in about 1876 for the Woodstock Iron Company, with plaintiff Edmondson's knowledge and without objection on plaintiff's part; that plaintiff owned the adjoining 40 and repeatedly warned Clements not to get over the line and get on his, plaintiff's land." There was other evidence introduced on the part of the defendant tending to show gross fraud on the part of the plaintiff in procuring the execution of the deed under which he claimed title to the land. The defendant introduced further evidence tending to show that at the time of the actual execution of the deed from Garrett to Elliott. whether in 1867 or 1894, the defendant and those under whom it claimed were in the actual, adverse possession of said lands, and that the plaintiff,

Edmondson, who owned the adjoining 40 acres several times encroached upon the land in dispute by moving his fence and sought to secretly acquire possession thereof without knowledge of the defendant.

Upon the introduction of all the evidence the court, at the request of the defendant, gave to the jury the following written charges, to the giving of each of which the plaintiff separately excepted: (1.) "The court charges the jury that the law abhors a fraud." (2.) "The court charges the jury that the possession of land which the law protects is open and notorious possession, and not a secret or furtive possession." (3.) "The court charges the jury that if adverse possession is held without color of title such possession is limited to the portion actually occupied, and if the deed from D. A. Garrett was not actually made until 1894, then Edmondson's possession prior to that time is limited to the part actually occupied by him." (4.) "The court charges the jury that if at the time the deed from Garrett to Edmondson was executed the defendant or those under whom it claimed was in adverse possession of said lands, then said deed from Garrett was void as evidence of title." (5.) "The court charges you there is no evidence before this jury of any sale of any land from Allen to Edmondson." (6.) "The court charges the jury that it is a sound rule of law that if a witness is found to willfully swear falsely in one material thing, the jury may disregard the whole of his testimony." (7.) "The court charges you that the idea of adverse possession is inconsistent with and repugnant to the idea of a secret or furtive possession." (8.) "The court charges the jury that if Edmondson and Garrett made the Garrett deed in 1894 and dated it back in 1867, it was a gross fraud, if Edmondson intended to use such deed as a color of title since 1867 against the defendant." (9.) "The court charges the jury that the burden of proof in this case is on the plaintiff, W. J. Edmondson, to make out his case to your reasonable satisfaction, and until he has done this, the defendant is not required to prove anything to entitle it to a verdict." (10.) "The court charges you that to constitute adverse possession there must be an actual claim

38

of present ownership, accompanied with possession and a possession with a mere intention to claim in the future is not adverse possession."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

E. II. HANNA, for appellant, cited *Bain v. State*, 70 Ala. 4; 11 Ency. Plead. & Prac., 116.

J. J. WILLETT, *contra*, cited *Pullman P. Car Co. v. Adams*, 120 Ala. 584; *Chandler v. Jost*, 96 Ala. 596; *Miller v. State*, 54 Ala. 155.

DOWDELL, J.—The plaintiff upon the trial offered to prove that he offered to donate a part of the land in suit to public enterprises, which was objected to by the defendant, and the court sustained the objection. It does not appear that the plaintiff was in possession of the land at the time of the offer to donate, and if for no other reason, this was sufficient to support the ruling of the trial court.

Adverse possession being an issue in the case, it was competent and relevant for the defendant to show by the witness Mat Clements that he cut and coaled timber on said land for the Woodstock Iron Company, the grantor of the defendant, and under whom the defendant acquired possession. The testimony of this witness was objected to as a whole, and a part of it being legal and competent, the action of the court in overruling the objection was without error. To put the trial court in error upon the admission of evidence, any part of which being legal, the objection should point out and specify the illegal portion objected to.

Charge No. 1 given at the request of the defendant asserts a correct proposition of law. This charge was not abstract for there was evidence to support it. If it had any misleading tendency, it was the duty of the plaintiff to have counteracted such tendency by asking an explanatory or qualifying charge. "A charge

which asserts a correct legal proposition does not constitute a reversible error though such charge under the facts of the case may have a tendency to mislead; but if the other party apprehends that such charge was misleading he should request an explanatory charge." *Pullman Palace Car Company v. Adams*, 120 Ala. 584; *Chandler v. Jost*, 96 Ala. 596; *Miller v. State*, 54 Ala. 155.

There was no evidence of any sale of the land by Allen to Edmondson. The statement by the witness Garrett was not evidence of a sale, but merely evidence of the statement of a claim made by Edmondson. Written charge No. 5, given at the request of defendant was free from error. The remaining written charges given at the request of defendant, each contains a correct statement of the law, and are free from reversible error.

We find no error in the record, and the judgment must be affirmed.

Affirmed.