## MELDRUM v. CAMPBELL, AS SHERIFF.
### (No. 710.)

CRIMINAL LAW—BAIL—CAPITAL OFFENSE.

1. Applying the provision of the Constitution that "all persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great," the rule laid down in State v. Crocker, 5 Wyo. 385, is approved and followed as the correct rule, viz: that upon an application for bail where the accused is charged with murder in the first degree, a capital offense, bail should be refused where the judge would sustain a conviction for murder in the first degree if pronounced by a jury on such evidence of guilt as is exhibited on the hearing for bail, and where the evidence is of less efficacy the accused should be admited to bail.

2. Upon the evidence submitted upon an application for bail, the accused being charged with murder in the first degree, *held,* that bail should be denied.

[Decided February 19, 1912.]                    (121 Pac., 26.)

HABEAS CORPUS. Original application to secure the release on bail of R. D. Meldrum, charged with murder in the first degree.

*N. R. Greenfield,* for plaintiff.

*A. McMicken,* County and Prosecuting Attorney, for defendant.

BEARD, CHIEF JUSTICE.

This is an original application in this court by R. D. Meldrum for a writ of habeas corpus by which he seeks to be admitted to bail before trial and pending the hearing and determination of a criminal action against him in the district court of Carbon County, wherein he is charged with murder in the first degree. The writ was allowed and made returnable before the court February 13th, 1912. On the return day the defendant, sheriff of Carbon County, filed his answer and return thereto, and the attorneys for the petitioner and the state filed their written stipulation waiving the presence of the petitioner and stipulating that the petitioner was, on the 20th day of January, 1912, arrested on a criminal warrant issued by G. B. Pierson, a justice of the peace for said county, upon an information charging petitioner with the crime of murder in the first degree; that he was brought before said justice of the peace for preliminary examination, and at the conclusion of such examination he was, by the said justice, committed without bail to answer to a charge of murder in the first degree in the district court; that he is restrained of his liberty in the jail of said county by the defendant by virtue of said commitment; and that this application should be heard and determined upon a transcript of the testimony taken at the preliminary hearing and certain affidavits.

By the constitution of this state "all persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great." Const., Sec. 14, Art. I. Murder in the first degree is a capital offense under our statutes.

The contention on behalf of the petitioner is that the evidence presented on this hearing fails to establish that the guilt of the petitioner of a capital offense is evident or the presumption thereof great; and it has been very ably argued that the rule for determining whether or not one charged with a capital offense should or should not be admitted to bail, laid down by this court in the case of State v. Crocker, 5 Wyo. 385, on p. 408, is erroneous. The rule as there stated is "that bail should be refused.in all cases where a judge would sustain a conviction for murder in the first degree if pronounced by a jury, on such evidence of guilt as is exhibited on the hearing for bail, and where the evidence is of less efficacy to admit to bail." This is stated in 3 A. & E. Enc. Law, 668, and 5 Cyc. 64, to be the rule most generally adopted. The rule was so stated in Com. v. Keeper of Prison, 2 Ashm. (Pa.) 227, and has been approved and followed in a majority of the cases called to our attention. It has long been the rule in Alabama. Ex parte Richardson, 96 Ala. 110. And in Matter of Salvator Troia, 64 Cal. 152; Thrasher v. State, 26 Fla. 526; and State v. Summons, 19 O. 139. In those states the constitutional provision is the same as ours. We have been cited to Texas cases; but the constitution of that state does not contain the provision, "or the presumption great," and we think the proof of guilt in a case might not be evident and yet the presumption might be great. One sitting as a court or juror might well say that the evidence presented created in his mind a strong presumption of the guilt of the accused, but that it was not sufficient to satisfy one beyond a reasonable doubt. After hearing all of the evidence offered on the hearing in this case, and the arguments of counsel, each of the justices of this court arrived at the same conclusion, viz: that the presumption of the petitioner's guilt of murder in the first degree is great, and that if upon trial on that evidence alone a jury should return such a verdict it should not be set aside. We deem it unnecessary, if it would be proper, to set out the substance of the evidence in this

opinion, as each case must be decided upon the evidence in each particular case. We have been governed in our decision by the rule in State v. Crocker, supra, which has been adopted in this state as the correct rule, and which we believe to be the true test in such cases.

Bail is denied, the writ discharged and the petitioner remanded to the custody of the sheriff of Carbon county, Wyoming, to await the action of the district court of said county in due course.

*Bail denied.*

Scott and Potter, J. J., concur.