(82 South. 635)

## WIGERFALL v. STATE. (1 Div. 324.)

(Court of Appeals of Alabama. June 17, 1919.)

**1. WITNESSES ⬤240(4) — LEADING QUESTIONS.**

In a prosecution for assault to murder, a question by defendant's counsel to defendant, "And Mr. S. jumped on you and gave you a licking?" was a leading question.

**2. CRIMINAL LAW ⬤448(2) —CONCLUSIONS OF WITNESS.**

In a prosecution for assault to murder, a question by defendant's counsel to defendant, "And Mr. S. jumped on you and gave you a licking?" was improper, as calling for a conclusion of the witness.

**3. CRIMINAL LAW ⬤390—EVIDENCE—AS TO MOTIVE.**

In a prosecution for assault to murder, it was improper for defendant's counsel to ask defendant, "Had you carried that gun for Mr. S.?"—an uncommunicated motive, for doing or failing to do, not being matter to which a witness may testify.

**4. HOMICIDE ⬤295(1)—ASSAULT TO MURDER —INSTRUCTIONS.**

In a prosecution for assault to murder, the court properly refused defendant's request to instruct, "To reduce the offense to an assault and battery, it is not necessary that the defendant, at the time he struck the blow, should have been unconscious of what he was doing, but, if there was a sufficient provocation to excite sudden passion, then the presumption is that passion disturbed the sway of reason, and made him regardless of his act," because it omitted the fact that defendant acted under the passion aroused.

**5. CRIMINAL LAW ⬤759(2)—INSTRUCTIONS—INVADING PROVINCE OF JURY.**

In a prosecution for assault to murder, a requested instruction that, "If there was a sufficient provocation to excite sudden passion, then the presumption is that passion disturbed the sway of reason, and made him regardless of his act," was properly refused, as invading the province of the jury.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Elijah Wigerfall was convicted of assault to murder, and appeals. Affirmed.

Gordon & Edington, of Mobile, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

SAMFORD, J. [1, 2] Defendant's counsel asked this question, "And Mr. Sheip jumped on you and gave you a licking?" To this question the state objected, and the objection was sustained. This question was objectionable for several reasons, one of which is that it is leading; another is, it calls for the conclusion of the witness rather than the

details of the facts of what occurred. Either of these objections was sufficient to render the action of the court free from error.

[3] It having been shown that defendant had a pistol and with it had fired at Sheip, the party assaulted, the defendant was asked by his counsel, "Had you carried that gun for Mr. Sheip?" It would have been competent for the state to have shown, if it could, that the defendant had armed himself for the purpose of killing Sheip, but the uncommunicated motive or reason for doing or failing to do is not matter to which a witness may testify. 1 Mayf. Dig. p. 330, § 358.

[4, 5] The court refused at the request of defendant, the following charge:

"The court charges the jury that to reduce the offense to an assault and battery, it is not necessary that the defendant, at the time he struck the blow, should have been unconscious of what he was doing; but, if there was a sufficient provocation to excite sudden passion, then the presumption is that passion disturbed the sway of reason and made him regardless of his act; and, if the jury believe this from the evidence, they may find him guilty of an assault and battery."

It is insisted that this charge is supported by the case of Smith v. State, 86 Ala. 28, 5 South. 478. There is a marked difference between the charge requested in the case at bar and the charge in the Smith Case, supra, in that in the charge in this case there is omitted the fact that the defendant acted under the passion aroused by the blow or blows. The refusal to give the charge was not error. Furthermore, the charge invades the province of the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.