## CROW vs. BOYD'S ADMINISTRATORS.

1. The owner of a slave cannot maintain assumpsit for the value of its services against one, who has converted it, but who has neither sold it, nor received money for its labor.

Error to the Circuit Court of Benton. Tried before the Hon. S. C. Posey.

THIS was an action of assumpsit by the plaintiff against the defendants in error, as administrators of Samuel Boyd, dec'd, to recover for the services of a slave. The facts will be sufficiently understood by reference to the opinion of the court.

WHITE, for plaintiff in error :

1. Where one employs the slave of another, the law implies a contract to pay the master for the services of the slave.—Cook v. Husted, 12 Johns. 188; Houten v. Holiday, 2 Murphy 248.

2. A slave is put upon the same ground as an apprentice, and the master is entitled to recover of one who has his services, with or without notice.—Trougolt v. Byers, 5 Cow. 480 ; James v. Leroy and others, 6 Johns. 274. Both of these were actions of assumpsit, and there was no *express* contract between plaintiff and defendant in either case. See also 6 Wend. 436.

3. The case of Stockton v. Watkins, 2 Gill & Johns., is almost identical with this, and determines that the action of assumpsit will lie by the owner of slaves against a wrong-doer for the work and labor of slaves taken and retained by him, and then returned, for the time he had them in possession. The court say he can *waive* the tort and recover in assumpsit.

4. Upon the right of the plaintiff to waive the tort and recover in assumpsit, see Lightly v. Clouston, 1 Taunt.; Foster v. Stewart, 3 M. & S. 191. This last was the case of an apprentice boy, seduced from the service of his master, and in an action for the value of his labor, it was determined in favor of the master, that he could waive the tort and sue in assumpsit.—Butts v. Collins, 13 Wend. 153-4; Humbly v. Trott, Cowper 375 ; Eades v. Vandeput, 5 East. 39 ; Hill v. Perrott, 3 Taunt. 274 ; Chitty on Con. 6 ; Lindon v. Hooper, 1 Cowper 419 ; Rice v. King, 7 Johns. 20 ; McLean v. Hugarm, 13 ib. 184 ; Cunningham v. Voree, 3 Hill, 283 ; Pritchard v. Fort, 1 J. J. Marshall ; 5 ib. 37. Relation of master and slave, and right of the master to the property and service of the slave—see Brandon v. Huntsville Bank, 1 Stew. 320.

J. B. MARTIN & RICE, for defendants :

1. The law will not imply a promise in favor of plaintiff from the evidence. There is no express promise to pay; no trespass or tort is proved ; and no conversion of the slave is shown.— The intestate of defendants is not liable to plaintiff upon the proof—especially when it is found by the jury that he held the slave *under Robert C. Boyd,* and when it is shown that plaintiff has recovered damages against Robert C. Boyd for the very services for which he seeks a recovery.—1 Chitty's Pl. 107; 6

N. Hamp. 298; 3 Dallas, 503; 1 Yeates, 576; 1 S. & P. 294; Dulaney v. Dickerson, 12 Ala. Rep. 601; 10 ib. 245.

2. The rights of the estate of Robert C. Boyd cannot be affected by this suit. If Samuel Boyd has paid R. C. Boyd for the services of the slave, that payment could not avail him in this action. If he has not paid R. C. Boyd for those services, a recovery therefor by this plaintiff and a satisfaction thereof could not bar the claim of R. C. Boyd against Samuel Boyd.

3. If the plaintiff has any remedy against Samuel Boyd or his estate, it is by suing out a garnishment under his judgment against Robert C. Boyd, and thus calling on Samuel Boyd or his representatives to answer as to the indebtedness of R. C. Boyd on account of the services of the slave. In such a proceeding by garnishment, the rights of all these persons could be legally and safely adjusted.

4. The defendant having obtained possession of the slave from the *defendant in detinue*, without fault, cannot be converted into a mere hirer of the slave from the *plaintiff in the detinue suit.*—Littell v. Zuntz, 2 Ala. Rep. 262.

5. It cannot be contended that the plaintiff, has been prejudiced by an act of defendant's intestate. It is shown by the record that the plaintiff recovered and received the negro for which he sued, with damages for the detention, and out of the party who he charges detained him.

DARGAN, C. J.—The facts of this case, so far as they are material to the question raised by the bill of exceptions, are these: The plaintiff recovered in an action of detinue against one R. C. Boyd, a slave, and also damages for his detention. The slave was delivered up to the plaintiff in satisfaction of his value, as assessed by the jury, but the damages for the detention have not been paid, and the estate of R. C. Boyd, against whom the recovery was had, is insolvent. After the institution of the suit in detinue, the slave performed service for the defendant's intestate, in whose possession he remained for about two years; but it does not distinctly sppear under what circumstances the slave went into his possession, but it is manifest that it was not by virtue of any contract with the plaintiff, nor with his assent.

The question arising out of the facts is, whether assumpsit will lie in favor of the plaintiff against the defendants to recover

the value of the services or labor of the slave during the time he was in the possession of their intestate. It is contended that inasmuch as the defendant's intestate was liable to an action of trover or detinue because he had the possession of the slave, employing him as his own property, that the plaintiff may waive the tort and sue in assumpsit for the value of his labor. The action of assumpsit can be maintained only upon a contract, expressed or implied by law, and will not lie to recover damages for torts or trespasses. It is true that if one convert the goods of another to his own use, and afterwards sell them and receive the money, an action for money had and received will lie against him at the suit of the owner.—Upchurch v. Norsworthy, 15 Ala. 705. But the extent of this rule of waiving torts and bringing assumpsit is confined to this : If the wrong-doer has sold the goods and received the money, the owner may elect to affirm the sale and to claim the price at which they were sold. His title to the goods entitles him to the price received for them, and thus the wrong-doer is considered as having received the money for the use of the owner. But if there has been a mere conversion of the goods, without any sale of them, assumpsit will not lie to recover their value.—Jones v. Hoar, 5 Pick. 285; Wellit v. Wellit, 3 Watts, 277; Pritchard v. Ford, 1 J. J. Marshall, 543 ; Sanders v. Hamilton, 3 Dana, 552. I admit that cases may be found which hold that the owner may waive the tort and recover the value of the goods in an action of assumpsit, although the wrong-doer may not have sold them. But when we reflect that the action of assumpsit will lie only upon a promise expressed or implied, and not to recover damages for torts or trespasses, we do not see upon what principle these decisions can be sustained. We must hold (if we sanction them) the broad principle that trover and assumpsit are concurrent remedies in all cases for the tortious conversion of the goods of another. This would be opposed to the first principles of pleading. The defendant is liable in an action of trover for the value of the services of the slave, but as it does not appear that he actually received any money for his labor, (which might entitle the plaintiff to maintain assumpsit for money had and received,) he cannot be made liable in this form of action.

Let the judgment be affirmed.

Judge CHILTON not sitting.