# Southern Ry. Co., *v.* City of Attalla.

## *Trover.*

(Decided June 14th, 1906. 41 So. Rep. 664.)

1. *Trover; Right of Action; Right of Possession.*—In order to recover in an action of trover, the right to property, general or special, and possession, or immediate right of possession, must be in the plaintiff at the time of the conversation.

2. *Same; Complaint; Allegations; Sufficiency.*—In an action for the conversion of water, an allegation that plaintiff put the water into a tank belonging to another railroad, pursuant to a contract with such road binding plaintiff to furnish water to such railroad for its exclusive use, and that defendant took the water and converted it to its own use, sufficiently shows ownership in plaintiff and plaintiff's possession at the time of the conversion.

3. *Election of Remedies; Grounds.*—The party must have two actual inconsistent remedies to make a case for the application of election of remedies.

4. *Money Received; Conversation; Waiver of Tort.*—Until there has been a sale of the property converted by the tort feasor, the owner of the property cannot waive the tort and sue for money had and received.

5. *Trover; Pleas; Defects; Election to Waive Tort; Sufficiency.—*
   As an answer to a complaint in trover, a plea which alleges
   that the same plaintiff had previously instituted suit in as-
   sumpsit against this defendant, in which it treated defendant
   as a purchaser of the property alleged to have been converted,
   but which fails to allege a sale of the property by defendant
   before the institution of the assumpsit action, is fatally de-
   fective, as one may not recover for money had and received,
   based upon a conversion, unless there has been a sale of the
   property by the wrongdoer.

6. *Same; Action; Pleading; Evidence.—* It was permissible to intro-
   duce the summons and complaint in assumpsit in support of
   the plea of the institution of the suit in assumpsit before the
   bringing of the action of trover, as issue was joined on such
   plea.

7. *Same; Right of Action.—*Under a contract made by the city to fur-
   nish water to another railroad for its exclusive use, pursuant
   to which it furnished the water, which defendant took and
   converted to its own use, paying the other railroad therefor,
   the city had the right to maintain an action of trover against
   defendant for the water so converted.

8. *Appeal; Ruling on Demurrers; Presumptions.—*This court, on
   appeal, will presume demurrers to have been abandoned where
   the record fails to show a ruling of the trial court on demurrer
   to pleas.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by the city of Attalla against the Southern
Railway Company. From a judgment for plaintiff, de-
fendant appeals.

This was an action brought by the city of Attalla
against the Southern Railroad Company for water al-
leged to have been taken by said railroad company from
the tanks of the Alabama Great Southern Railroad
Company, which water had been placed in said tank by
the city for the use of said Alabama Great Southern
Railroad Company only. There were three counts in the
complaint. The first count alleged the wrongful tak-
ing of 50,000,000 gallons of water, and damages are laid
in the sum of $3,000.00. The second count alleged the
conversion of 50,000,000 gallons of water. The
third count sets up the contract between the
city of Attalla and the Alabama Great South-

ern Railroad Company to furnish said railroad company with water for its exclusive use, the erection of tanks by the Alabama Great Southern Railroad Company for the reception of this water, and the taking therefrom by the Southern Railroad of 50,000 gallons per day for a period from the 1st day of October, 1899, to the 1st day of March, 1903, and a failure on the part of said Southern Railroad to pay for the same. Demurrers were interposed to the complaint, and overruled.

The defendant filed two pleas of the general issue, and the following special plea: "(3) Further answering the complaint, defendant says that the plaintiff, with full knowledge that defendant had taken or drawn said water from said tank and pipe and used and consumed the same, as alleged in the complaint, elected to waive the tort, and its action against defendant for the conversion of said water, by bringing and prosecuting its action in assumpsit in this court for the value of said water alleged to have been converted, which said action was brought and prosecuted prior to the bringing of this suit." Demurrers were interposed to this plea, but the record fails to show any action of the court taken on said demurrers. The defendant filed the following additional special pleas: "(4) Defendant says that plaintiff, before the bringing of this suit, and on, to wit, November 4, 1903, filed its suit in indebitatus assumpsit against defendant in the city court of Gadsden, a court of full and complete jurisdiction of the parties and subject matter of said suit, in which it treated the defendant as a purchaser of said water alleged to have been converted by the defendant, and for the conversion of which it seeks to recover in this case, and in which said first mentioned suit it sought to recover of defendant the amount due from it to plaintiff for said water, and that at the time plaintiff filed said first-mentioned suit it had full knowledge of all material facts and of the facts that defendant had taken and converted to its own use said water as alleged in said complaint in this suit. Wherefore defendant says plaintiff cannot maintain this

action. (5) Defendant adopts plea 4 down to, but not including, the words 'Wherefore defendant says,' etc., and adds thereto the following additional averment: 'That plaintiff prosecuted said suit first brought to the settlement of the pleading therein, and the trial of the cause and development of the testimony, after which and before the court pronounced judgment in the cause, plaintiff took a nonsuit in said cause. Wherefore defendant says plaintiff cannot maintain this action.' "

The plaintiff interposed the following demurrers to pleas 4 and 5: "Because it does not appear how and in what manner the plaintiff is precluded in this action by having previously filed an action in assumpsit against the defendant. Because it does not appear from said pleas of defendant that the subject-matter of said suit is the same as of this action, or that the parties are the same. Because it does not appear that the action of assumpsit complained of and which was previously brought was prosecuted to judgment. Because from all that appears from said plea of defendant, the plaintiff took a nonsuit in said action of assumpsit. Because it does not appear from said plea of the defendant that said action of the plaintiff, brought in assumpsit, was ever prosecuted to final judgment. Because, if all allged in said plea of defendant should be proven true, then this would be no bar to this action." And to plea 5 this additional ground: "Because it appears from said plea that plaintiff took a nonsuit in said action before final judgment." Demurrers were sustained to pleas 4 and 5.

The evidence tended to show a taking by the defendant of water from the tanks of the Alabama Great Southern Railroad Company which had been placed there by the plaintiff. It further tended to show a contract between the plaintiff and the Alabama Great Southern Railroad Company, whereby the plaintiff was to furnish at a stipulated price water to the tanks of the Alabama Great Southern Railroad Company for the exclusive use of said railroad company. It was admitted that defendant had not paid plaintiff for any of the water taken. It was of-

fered to be shown by the defendant that defendant had paid the Alabama Great Southern Railroad Company for all the water taken from its tanks, but objection was sustained to this testimony. The summonms and complaint, together with the judgment entries and other record evidence, of the suit in assumpsit, by the plaintiff against this defendant for the price of water taken by defendant in the city court of Gadsden, was offered in evidence by the defendant, and excluded by the court on motion of plaintiff. There was judgment for plaintiff in the sum of $268.63.

BURNETT, HOOD & MURPHREE, for appellant.—To maintain trover the plaintiff must prove property in himself and a right to the possession at the time of the conversion.—*Corbett v. Reynolds*, 68 Ala. 378; *Elmore v. Scimon & Bro.*, 67 Ala. 526.

An election once made is final. Plaintiff with the knowledge of the facts cannot waive the tort and sue in assumpsit and afterwards discontinue and sue in tort.— *Fireman Ins. Co. v. Crocheron*, 27 Ala. 228; *Singer Mfg. Co. v. Grenleaf*, 100 Ala. 273; *Miller v. King*, 67 Ala. 575; *Lehman v. Van Winkle*, 92 Ala. 443; *Fuller v. Evans*, 108 Ala. 464; 26 A. & E. Ency. of Law, 799.

On election of remedies we cite the following cases: *Hickman v. Richburg*, 122 Ala. 638; *Eufaula Grocery Co. v. Mo. Nat. Bank*, 118 Ala. 408; *Fowler v. Bowery, Sav. Bank*, 4 L. R. A. 145; 7 Ency. P. & P. pp. 361, 362, 364, 367-8-9-70-71. Having treated the original taking as rightful the city is estopped from now treating it as tortious.—*Mosely v. Williamson*, 24 Ala. 411; 11 A. & E. Ency. of Law, 428; Bigelow on Estoppel, pp. 673 and 717. To maintain trover the property must be such as its identity can be established.—*Street v. Nelson*, 80 Ala. 230; *Browning v. Hammerton*, 42 Ala. 484.

BOYKIN & BRINDLEY, for appellee.—Trover was proper action.—21 Ency. P. & P. p. 1012; *Hall v. Amos*, 17 Am. Dec. p. 42. Conversion of the water was shown in this case.—21 Ency. P. & P. p. 1014; *Connor v. Allen*, 33 Ala. 515; *Hudman v. DuBose*, 85 Ala. 446, and cases therein cited. The water was the subject of conversion.—21

42

Ency. P. & P. p. 1017-18-19. The plaintiff by his suit in assumpsit was not estopped to bring trover as a voluntary non-suit was taken in the assumpsit suit.—§§ 614 and 3313, code 1896; 45 Ala. 370; 18 N. Y. 552; 49 N. Y. 164; 92 Ala. 443; 84 Ala. 216; 99 Ala. 628; 98 Ala. 644. There was no plea of estoppel and no special plea of any sort. A special plea was necessary to raise the issue.— Code of Ala. 1896, § 3295; *Phillips v. Kelly,* 29 Ala. 628; *Stein v. Ashby,* 30 Ala. 363; *Kennedy v. Lambert,* 37 Ala. 57; *Howland v. Wallace,* 81 Ala. 238; *A. G. L. Ins. C. v. Ins. Co.,* 81 Ala. 329; *Lunsford v Walker,* 93 Ala. 36; *L. & N. v. Trammell,* 93 Ala. 350; *K. C. & B. v. Crook,* 95 Ala. 412; *Fields v. Brice,* 108 Ala. 632; *Scarbrough v. Blackmon,* 108 Ala. 656; *A. O. E. Co. v. Ryan,* 112 Ala. 337.

ANDERSON, J.—While it is true that, to support an action of trover, the right of property, general or special, and possession, or an immediate right of possession, must concur in the plaintiff at the time of the conversion, we think the complaint avers such an ownership and possession as will support the action. The third count claims that the water put by the plaintiff into the tank of the Alabama Great Southern Railroad Company was for a limited and specific purpose, and that it was converted by the defendant, and thus diverted from the use or purpose for which it was there put. It shows an ownership in the plaintiff and possession until used or converted by the Alabama Great Southern Railroad Company. The third count was in trover, and states a good cause of action, and was not subject to any of the grounds of the demurrer. "In its technical and more restricted sense, election of remedies is the adoption of one of two or more existing remedies, with the effect of precluding a resort to the others. The remedies here intended are known as exclusive or alternative remedies." —7 Am. & Eng. Ency. Pl. & Pr. 361. To make a case for the application of the elective principle, the party must have actually at command two inconsistent remedies.— *Morris v. Rexford,* 18 N. Y. 552; *McNutt v. Hilkins,* 80 Hun (N. Y.) 235, 29 N. Y. Supp. 1047; *Kinney v. Kiernan,* 49 N. Y. 164. There are cases wherein the owner may waive an action for the conversion of his property

and bring assumpsit, and by so doing he might be precluded from subsequently maintaining trover. In order, however, for it to have that effect, both remedies must have been open to him when he made the election. In our state the owner of personal property is put to his action for a conversion and cannot recover in assumpsit for money had and received, unless there has been a sale and the reception of money, or of things as money, as the price or value of plaintiff's property.—*Smith v. Jernigan,* 83 Ala. 256, 3 South. 515; *Fuller v. Duren,* 36 Ala. 73, 76 Am. Dec. 318; *Crow v. Boyd's Adm'rs,* 17 Ala. 51; *Pike v. Bright,* 29 Ala. 332. These views are not in conflict with the rule laid down in the case of *Hickman v. Richburg,* 122 Ala. 638, 26 South. 136, and cases there cited. There the plaintiff had the right to affirm the sale and recover the price, or to disaffirm the sale and recover the property; but in the case at bar the plaintiff could not maintain assumpsit, and could not be precluded from an action for conversion, upon the doctrine of election, by bringing an action that could not be maintained.

The third count does not aver that the defendant had sold the water, nor is this fact set up in the pleas; and without such an averment the pleas set up no bar to the action and the demurrers to pleas 4 and 5 were properly sustained. A demurrer was interposed to the third plea, and which said plea is subject to what has been said of pleas 4 and 5; but the record shows no ruling of the court on the demurrer to said third plea, which we must assume was abandoned by the plaintiff. So long as the third plea was in, the defendant had the right to introduce evidence in support of same, and the trial court erred in sustaining an objection to the summons and complaint in the former suit, and for this error the judgment must be reversed.

There was no error in sustaining objections to the witness Frost as to what was done on the former trial. The contract made with the Alabama Great Southern Railroad Company provided for water for its own use only, and did not license other roads to use water thereunder, nor authorize said Alabama Great Southern Railroad Company to let water to the defendant, and thus preclude the plaintiff from recovering for same.

That the defendant paid the Alabama Great Southern Railroad Company for this water is a question between the two roads, but that fact does not deprive the plaintiff from recovering for a conversion by the defendant of its property.

The judment of the city court must be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.