# Calhoun County v. Art Metal Construction Co.

## Detinue.

(Decided Nov. 14, 1907. 44 So. Rep. 877.)

1. *Contracts; Building Contracts; Passing of Title of Material.*— The contract for the contsruction of a courthouse provided that as the material was delivered on the premises to form a part of the work, they were to be the property of the county. A person not a party to the contract shipped fixtures for the building to his own order, and an agent of the shipper received them and placed them in a room in the building. Subsequently, the contractor failed and abandoned the work. Held, the county did not acquire title to the fixtures under the contract.

2. *Detinue; Title of Plaintiff.*—During the construction of a courthouse by contractors. a person not a party to the contract shipped fixtures for the building which were shipped to the shipper's order and received by the shipper's agent and placed in a room in the building. There was an absence of evidence that the county obtained the fixtures under the contract to purchase. Held, that the title to fixtures remained in the shipper and he could maintain detinue for such fixtures on proof of a demand and refusal.

3. *Election of Remedies; Grounds; Inconsistency of Remedies.*—In order to make a cause of election of remedies the party must have actually two inconsistent remedies—election of remedies is the adoption of one or more existing remedies with the effect of precluding a resort to the others.

4. *Action; Contract or Tort; Money Received; Waiver of Consideration.*—Unless there has been a sale and the reception of money or things as money as the price or value of the property an owner of personalty converted by another cannot waive the tort and sue in assumpsit for money had and received, but is put to his action for conversion.

5. *Election of Remedies.*—Where one could not maintain assumpsit against the county for goods placed in its courthouse the bringing of assumpsit did not bar a recovery in detinue on the theory of election of remedies.

7. *Same; Defenses; Burden of Proof.*—If the goods complained of having been detained were so annexed to the realty as to make them fixtures, this was a matter for the defendant to plead and prove; plaintiff need not negative that fact.

8. *Same; Measure of Damages.*—In detinue for goods which were not second hand at the time of the taking but only became such after being used as such by the defendant the jury were not bound to assess the value of the goods as second hand goods but might assess the value at any time between the tort and the trial.

9. *Appeal; Harmless Eorror; Instructions; Evidence as to Value.*— Where it appeared that plaintiff had agreed to sell the goods at a certain price and the witnesses fixed the value at a sum less than that, and the jury awarded damages in a sum less than was justified under the evidence, a refusal to charge the jury that they might consider the fact that plaintiff had agreed to sell the goods at such a price in assessing the value thereof, does not constitute reversible error.

10. *Same; Errors Cured by Verdict.*—As against the objection of the defendant a charge misstating the testimony of the witnessses with respect to such value was cured when the jury assessed the value of the goods at a sum less than was justified under the evidence.

APEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Detinue by the Art Metal Construction Company against Calhoun county. From a judgment for plaintiff, defendant appeals. Affirmed.

The evidence tended to show that the Art Metal Construction Company shipped a lot of fixtures in boxes to their own order to Anniston, Ala., and that they were taken out of the depot by the judge of probate of the county as agent of the construction company and placed in a room in the courthouse in what is now the judge of probate's office. The courthouse was being constructed for the county under contract by Houser & Wallingscroft. The tenth clause of the contract referred to was in the following language: "(10) All works and materials as delivered on the premises to form part of the works are to be considered the property of the pro-

prietor, and are not to be removed without its consent; but the contractors shall have the right to remove all surplus material after completing the work." The contractors failed before finishing the work, and these fixtures were never turned over to them. It was further shown that the fixtures were not accepted by Houser & Wallingscroft before their failure. It was further shown that the plaintiff set up the fixtures in the vault in the probate office at the suggestion of plaintiff's agent, who was also judge of probate of the county at the time. A demand for the fixtures was shown, as was a refusal to deliver them. It was also offered to be shown that suit had been instituted by plaintiff against defendant in assumpsit for the price of the fixtures, and that a nonsuit had been taken; but the court declined to allow the proof to be made. Reamer, a witness for the plaintiff, testified that he was acquainted with the fixtures, and that they were reasonably worth, put up in the office, $1,391.36. The witness stated that that was a reasonable value of the fixtures new, and that they would be worth from 10 to 15 per cent. less after having been used, as these fixtures were.

The following charge was given at the request of the plaintiff:: "'(3) The court charges the jury that on the direct examination the witness Reamer testified that the value of the fixtures sued for was as follows: (Here follows a statement of the items and the price of each, which differs in some particulars from the evidence of the witness as set out in the bill of exceptions.)" The court refused the following charges to the defendant: "(5) If the jury are reasonably satisfied from the evidence that the fixtures sued for are secondhand, then the jury should assess their value as secondhand goods. (6) The court charges the jury that if they believe from

39 R

the evidence that the fixtures sued for had been used and become secondhand, and that as such secondhand goods they were worth less than new goods, then the jury should set the value of goods as secondhand goods or goods that had been used." "(8) The court charges the jury that the undisputed evidence in this case shows the goods sued for to have been secondhand goods at the time of the detention, and plaintiff would only be entitled to recover as alternate value their value as secondhand goods at the time of the detention." "(10) The court charges the pury that the evidence shows the plaintiff agreed to sell the goods sued for, when new, to Houser & Wallingscroft for $1,500, and the jury may take this into consideration in assessing the alternate value."

There was judgment for plaintiff for the goods, and their alternate value was assessed at $1,264.09, and damages for detention at $126.40.

J. E. WILLETT, and W. P. ACKER, for appellant. The title to the fixtures passed from plaintiff under the contract with Houser & Wolsoncroft by reason of plaintiff performing its part of the contract in delivering the fixtures and erecting them in the vault of the judge of probate. The title passed to the county after the fixtures has been erected by reason of plaintiff's election with full knowledge to treat the county as a purchaser, and by bringing two actions of assumpsit against it for the price of the fixtures.—*Hickman v. Richbourg,* 122 Ala. 638; *Tanner v. Hall,* 89 Ala. 628; *Fuller v. Eames,* 108 Ala. 464; *Lehman-Durr Co. v. VanWinkle,* 92 Ala. 443; *Montgomery Iron Works v. Smith,* 98 Ala. 644; *Thomason v. Lewis,* 103 Ala. 426; *Davis v. Millings,* 37 South. 737; *Bradfield v. Patterson,* 106 Ala. 397. The right to bring assumpsit for goods sold is sustained by a number

[Calhoun County v. Art Metal Construction Co.]

of cases, as follows.—63 Ill. App. 48; 87 Cal. 15; 17 Ind.
84; 156 Mass. 209; 84 Mich. 632; 49 Mo. 570; 3 N. H.
384; 52 N. Y. 602; 76 N. C. 416; 51 Ohio St. 57, and
numerous others   Detinue will not lie for the recovery
of fixtures which are attached to and form part of the
realty.—*McFarland v. Crawford*, 32 Am. St. Rep. 894.

BLACKWELL & AGEE, for appellee.   To constitute an
election, there must be two concurrent remedies, and
they must be inconsistent.   If the fixtures had been sold
by defendant then plaintiff could have waived the tort
and could have sued in assumpsit but not otherwise —
*Smith v. Tankersly*, 20 Ala. 212; *Whidden v. Bank*, 64
Ala. 1; *Upchurch v. Norsworthy*, 15 Ala. 705; *Crow v.
Boyd*, 17 Ala. 51; *Strother v. Butler*, 17 Ala. 733; *Fuller
v. Duren*, 36 Ala. 73; *Miller v. King*, 67 Ala. 575; *Pike
v. Bright*, 29 Ala. 332.   The fact that plaintiff through
error or mistake brought two actions in assumpsit, in
both of which a nonsuit was taken would not operate
as an estoppel in this case.—*Harrison v. Harrison*, 39
Ala. 489; *Jones v. Burgess*, 19 South. 851; *Huntsville
B. L. & M. S. R. R. Co. v. Corpening*, 97 Ala. 689; *Hun-
nicutt v. Higginbotham*, 138 Ala.; *L. & N. R. R. Co. v.
Bower*, 113 Ala. 494; *Smith v. Hooks*, 19 Ala. 101;
*Crossman v. Universal Rubber Co.*, 13 L. R. A. 603.

ANDERSON, J.—The evidence in the case failed to
show a divestiture of the plaintiff's title to the chattels
involved.   They were shipped by the plaintiff and con-
signed to its own order, and were received and held by
Judge Crook as its agent, and were so held by him when
the contractors threw up the job of building the court
house.   Therefore the county could not have acquired a
title under the tenth clause of the contract it had with
the contractors.   Nor was there any evidence that the

county got them under a contract of purchase, express or implied. While put in the office by plaintiff's agent with the consent of Judge Crook, there was no evidence that he purchased them for the county, or that he had any authority to do so. There was also proof of a demand and refusal.

The appellant contends that the plaintiff should not have recovered in this action of tort, because it had previously brought assumpsit for the price of the articles, and, notwithstanding a failure to recover, its action in bringing the suit was an election of remedies, and worked an estoppel against its setting up a title to the property and a recovery in tort. We have recently reviewed this question, wherein the line of authorities relied upon by appellant's counsel were differentiated from cases like the one there decided and the one at bar, and from which we quote: "In its technical and more restricted sense, election of remedies is the adoption of one of two or more existing remedies, with the effect of precluding a resort to the others. The remedies here intended are known as exclusive or alternative remedies. —7 Am. & Eng. Ency. Pl. & Pr. 361. To mak a case for the application of the elective principle, the party must have actually at command two inconsistent remedies.— *Morris v. Rexford,* 18 N. Y. 552; *McNutt v. Hilkins,* 80 Hun (N. Y.) 235, 29 N. Y. Supp. 1047; *Kinney v. Kiernan,* 49 N. Y. 164. There are cases wherein the owner may waive an action for the conversion of his property and bring assumpsit, and by so doing he might be precluded from subsequently maintaining trover. In order, however, for it to have that effect, both remedies must have been open to him when he made the election. In our state the owner of personal property is put to his action for a conversion, and cannot recover in assumpsit for money had and received, unless there has

been a sale and the reception of money, or of things as money, as the price or value of plaintiff's property.— *Smith v. Jernigan,* 83 Ala. 256, 3 South. 515; *Fuller v. Duren,* 36 Ala. 73, 76 Am. Dec. 318; *Crow v. Boyd,* 17 Ala. 51; *Pike v. Bright,* 29 Ala. 332. These views are not in conflict with the rule laid down in the case of *Hickman v. Richburg,* 122 Ala. 638, 26 South. 136, and cases there cited. There the plaintiff had the right to confirm the sale and recover the price, or to disaffirm the sale and recover the property; but in the case at bar the plaintiff could not maintain assumpsit, and could not be precluded from an action for conversion, upon the doctrine of election, by bringing an action that could not be maintained."—*Southern Ry. Co. v. City of Attalla,* 147 Ala. 695, 41 South. 664.

It is suggested by counsel that the plaintiff failed to show that the chattels involved were not so annexed to the freehold as to make them a part of the realty, and, unless personal property, the defendant was entitled to the general charge. Of course one cannot recover in detinue except for the detention of personal property; but the articles were such, and the proof does not show that they were so put in the office as to change their character. If they were so annexed as to change them from personal to real property, we think it was incumbent upon the defendant to show it, and not upon the plaintiff to negative the fact.

The trial court did not err in refusing charges 5, 6 and 8, requested by the defendant. The jury was not bound to assess the value of the goode as secondhand, but had the right to assess the value at any time between the tort and trial.—*Wortham v. Gurley,* 75 Ala. 362, and cases there cited. The goods were not secondhand at the time of the taking, but only became such after being used by the defendant.

The trial court did not commit reversible error in refusing charge 10, requested by the defendant; for, if its refusal was error, it was error without injury. Conceding that the plaintiff did agree to sell the fixtures to the contractors for $1,500, and that it would be a circumstance to be considered by the jury in weighing the testimony of its witness Reamer as to value, it could not tend to contradict him, as he fixed the value of the articles at less than $1,500, and the jury awarded less than was justified under any phase of the evidence.

Charge 3 given at the request of the plaintiff, should have been refused. It misstates the evidence of Reamer in several particulars, but the error in giving same was cured by the verdict. The jury assessed the value at less than was authorized, either by the charge or the evidence, and could not have been influenced by the charge to the detriment of the defendant. In fixing the value of those particular articles, as to which there was a discrepancy between the testimony and the charge, the jury not only ignored the charge, but as to several of them assessed a lower value than that put by the witness Reamer.

The judgment of the city court is affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.