(100 South. 230)

## SOLOMON v. DAVID ROTHSCHILD & CO.
### (5 Div. 886.)

(Supreme Court of Alabama.    May 1, 1924. Rehearing Denied May 22, 1924.)

Exemptions ☞92—Writing waiving exemption became "written contract" within statute when goods were sold and delivered.

Written instrument to obtain credit, waiving exemption rights, held to become "written contract" when plaintiff sold and delivered goods thereunder and compliance with Code 1907, § 4232, providing that waiver of exemption to personal property may be by writing subscribed by party or included in other written contract.

[Ed. Note.—For other definitions, see Words and Phrases, Written Contract.]

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Action on account by David Rothschild & Co., against S. R. Solomon. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Denson & Denson, of Opelika, and James J. Mayfield, of Montgomery, for appellant.

The instrument waiving exemptions by defendant should not have been admitted in evidence. Code 1907, § 4232; Robinson v. Newton Gro. Co., 200 Ala. 528, 76 South. 854; Baker v. Keith, 72 Ala. 121; 13 C. J. 237.

Sternfeld & Lobman, of Montgomery, and T. D. Samford, of Opelika, for appellee.

The waiver of personal exemptions may be made by separate instrument. Code 1907, § 4232; 87 Miss. 125, 40 South. 152, 5 L. R. A. (N. S.) 340.

MILLER, J. This is an action on the common counts by David Rothschild and Gerson Rothschild, partners under the firm name of David Rothschild & Co., against S. R. Solomon.

Counts 1, 2, and 3 are common counts; 1 is on account, 2 on account stated, and 3 for goods sold and delivered. Each of these counts averred:

"That so far as this debt is concerned the defendant by a separate instrument in writing waived all right to have exempted to him any property which now or hereafter may be exempted to him under the Constitution and laws of Alabama."

Count 4 is for goods sold and delivered by plaintiffs to the defendant, and it avers:

"And plaintiffs aver that as part of the consideration therefor the defendant, by a separate instrument in writing executed by the defendant, waived all right to have exempted to him any property which now or hereafter may

be exempt to him under the Constitution and laws of Alabama."

Each count was for the same amount, $447.67, with interest. It is unnecessary to state the nature of the pleas filed by the defendant in view of the assignments of error and admissions in briefs of appellant and appellee.

The jury returned a verdict in favor of plaintiffs for $466.21, and also found for the plaintiffs on the question of waiver of exemptions. The court rendered judgment for plaintiffs for that amount and directed against the judgment, and the execution to be issued thereon, there is no exemptions of said defendant as to personal property. This appeal is prosecuted by the defendant from that judgment.

In August, September, and October, 1922, the plaintiffs sold and delivered to the defendant seven lots of merchandise aggregating $647.67, and on October 14, 1922, defendant paid plaintiffs $200, leaving a balance due of $447.67, which is the amount claimed by plaintiffs in each count of the complaint, with interest. On February 6, 1922, the defendant executed and delivered to plaintiffs a written statement, addressed to the plaintiffs. In it he states his assets, describing them, and his liabilities. Then follows the following written statement:

"The above is a full and correct statement of my or our financial condition as of ———— 191—, and is made to David Rothschild & Co. for the purpose of obtaining credit now or hereafter, or for the purpose of obtaining an extension on indebtedness already due them. The same shall be binding for subsequent purchases unless written notice of a change shall be given by the undersigned. Title to the above property is in the name of the undersigned and no mortgages or liens are upon it, except as set out above. In consideration of credit heretofore extended, or to be extended upon faith in above statement, it is agreed that all state and national homestead or exemption rights are hereby waived relative to any indebtedness now existing or which may be hereafter created in favor of David Rothschild & Co. Such waiver applies to all property now owned, or hereafter acquired by the undersigned, and in the event of bankruptcy, the trustee or bankruptcy is directed to turn over or assign to David Rothschild & Co. a sufficient amount of my or our homestead or exemptions of any kind, under law, to satisfy any indebtedness I or we may then be due David Rothschild & Co."

The defendant objected to the introduction of the foregoing instrument in evidence, because it purports to waive exemptions as to personal property by defendant and it is not a separate instrument in writing; the waiver is not included in any bond or bill of exchange or promissory note or other written contract executed by the defendant. The court overruled the objections, admitted it in evidence, and an exception was duly reserved by the defendant to the ruling of the court. The defendant on same grounds moved to exclude this written instrument from the evidence in the case, it was overruled by the court, and an exception to this ruling of the court was reserved by the defendant. The court refused to give this written charge by the defendant to the jury:

"I charge you, gentlemen of the jury, that under the evidence in this case you cannot find for the plaintiff on the question of exemptions."

These are the three errors assigned by the defendant, the appellant.

Section 4232 of the Code of 1907 reads as follows:

"As to personal property, the waiver may be made by a separate instrument in writing, subscribed by the party making the same, or it may be included in any bond, bill of exchange, promissory note, or other written contract executed by him."

This waiver of exemptions as to personal property was executed by the defendant; but it is not included in a bond, a bill of exchange, or a promissory note. The instrument offered and introduced in evidence, containing the waiver, is neither a bond, nor a bill of exchange, nor a promissory note. The statute permits the waiver of exemptions as to personal property to be made by a separate instrument in writing, subscribed by the party making the same. The waiver of exemptions as to personal property under the statute may be included in any other written contract executed by him. This instrument is in writing. It was executed by the defendant. It contained a waiver of exemptions as to personal property as to any indebtedness which may be thereafter created in favor of plaintiffs by the defendant.

Is this written instrument a contract? This is an action of assumpsit, based on the common counts. We find this text in 5 Corpus Juris, p. 1381, headnote 28, on this subject:

"To support an action of assumpsit there must be a contract, express or implied in law, between the parties to the action"—which text is supported by the following Alabama cases: Ivy Coal, etc., v. Long, 139 Ala. 535, 36 South. 722; Fuller v. Duren, 36 Ala. 73, 76 Am. Dec. 318; Weaver v. Jones, 24 Ala. 420; Crow v. Bord, 17 Ala. 51.

In Keel v. Larkin, 72 Ala. 502, this court wrote:

"Both express and implied contracts are founded upon the actual agreement of the parties, the only distinction between them being as to the mode of proof, or evidence by which they are substantiated." 13 C. J. 242, headnote 40.

See, also, Montgomery v. Montgomery Waterworks Co., 77 Ala. 248, 254.

In 13 Corpus Juris, 237, we find this: "A contract is an agreement which creates an obligation." And in 13 Corpus Juris, p. 239, headnote 13, we see this text: "A proposal when accepted becomes a promise."

Was this written instrument intended by the parties as a contract, waiving exemptions as to personal property? Was this written proposal for obtaining credit made by the defendant to the plaintiffs accepted by them? What does the instrument signed by the defendant state? It was signed and delivered by the defendant to the plaintiffs. All of the goods involved in this suit were sold and delivered by plaintiffs to the defendant after this instrument was executed. The instrument shows on its face that the statement "is made to David Rothschild & Co. for the purpose of obtaining credit now or hereafter. * * * The same shall be binding for subsequent purchases. * * * In consideration of credit to be extended upon faith in above statement, it is agreed that all state * * * exemption rights are hereby waived relative to any indebtedness, * * * which may be hereafter created in favor of David Rothschild & Co."

We also find the defendant proposed and directed in this written statement to plaintiffs this:

"In event of bankruptcy, the trustee in bankruptcy is directed to turn over * * * to David Rothschild & Co., a sufficient amount of my * * * exemption of any kind, under law, to satisfy any indebtedness I may then be due David Rothschild."

The defendant on October 10, 1922, wrote plaintiffs that the amount owing was not due, but he would send check Monday without fail, etc. The letter further states:

"In regards to the statement you have on file from me it still holds good also I have made you a' good customer. I must ask you to ship me the goods so that I will have the goods here by Saturday and you can look for my check Monday without fail hoping this is satisfactory, I am."

The plaintiff wrote defendant on October 12, 1922, in reply to that letter of October 10th, that they were entitled to at least $200 before making shipment of the goods. This letter states:

"Also we note you signed your letter on the typewriter, and we desire that you write us another letter stating that the statement made as on February 6, 1922, still holds good, and sign your name to this letter in ink, as a typewritten signature is no good. We hope you will let us hear from you by return mail, with your check for $200.00, and also your letter stating that the statement still holds good with your name signed with pen and ink."

The defendant wrote plaintiff this letter on October 13, 1922:

"Opelika, Ala., Oct. 13/22.
"David Rothschild & Co., Columbus, Ga.— Gentlemen: As per your request, you will find inclosed check for $200. Kindly ship me the goods at once.
"In regard to the statement you have it still holds good, with best wishes, I am,
"Yours truly,
"[Signed] S. R. Solomon."

It appears without dispute plaintiffs sold defendant goods amounting, on October 9, 1922, to the sum of $235.07; October 10, 1922, $166.05; October 17, 1922, $5.15; and October 23, 1922, $118.98—all of which is involved in this suit—and the goods of these dates were not shipped by plaintiffs to the defendant until after they received the letter of October 13th from the defendant.

The defendant by the written statement applied to plaintiffs to obtain credit, and, in event credit was extended him by them, he expressly agreed to waive therein all state exemptions as to personal property as to any indebtedness which may thereafter be created in favor of plaintiffs by him, and he impliedly promised therein to pay the indebtedness.

At the time this instrument was signed and the proposal therein was made to waive exemptions to obtain credit and it was delivered to the plaintiffs, it had no binding force or effect; it did not become binding on the defendant until it was accepted by plaintiffs and credit was extended defendant by plaintiffs selling and delivering goods to him; then the written proposal ripened into a written contract, waiving exemptions as to personal property to secure the payment of the debt created.

It is clear and evident from the evidence that by this written instrument, signed by the defendant, he agreed thereby in writing impliedly to pay plaintiffs for any indebtedness for merchandise that they sold him thereafter, and expressly agreed and waived therein in writing his exemptions as to personal property as to any such debt created by him with them. Under that written instrument the defendant purchased the goods from and contracted the debt involved in this suit with plaintiffs, and expressly waived his exemptions as to personal property as to the indebtedness thereby created, and he impliedly agreed therein to pay this debt created by him. When the plaintiffs sold and delivered the goods to the defendant under that written instrument, it became then a written contract, signed by the defendant with an implied promise of the defendant to pay that indebtedness to the plaintiffs, and it included an express agreement waiving his exemptions as to personal property to secure its payment. This complied with the requirements of the statute. Section 4232, Code 1907; authorities, supra. See, also, Pincus v. Meinhard & Bro., 139 Ga. 365, 77 S. E. 82, 32 Am. Bankr. R. 123, in which a similar

written statement under similar circumstances is held to be a valid written contract of waiver of exemptions.

The court did not err in admitting in evidence that written instrument, and in refusing the general affirmative charge requested by the defendant in his favor.

The appellant insists this written instrument waiving exemptions as to personal property is not a separate instrument in writing, which is required and contemplated by one alternative of the statute (section 4232, Code 1907) in order to waive exemptions as to personal property. The appellee contends that it is, and that it fully complies with that alternative part of the statute, and that it was properly admitted by the court thereunder in evidence. This we need not discuss.

We find no error in the rulings of the court assigned as errors by the appellant, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.