179 So. 243

**ALADDIN TEMPLE BEN. ASS'N, D. O. K.
K., v. AMERICAN STANDARD LIFE
INS. CO. et al.**

6 Div. 231.

Supreme Court of Alabama.

Jan. 20, 1938.

Rehearing Denied March 3, 1938.

Graham Perdue, of Birmingham, for appellant.

J. L. Drennen, of Birmingham, for appellees.

ANDERSON, Chief Justice.

This appeal is upon the record proper and involves only the ruling of the trial court upon the pleading which superinduced a nonsuit by the plaintiff.

As we understand, special pleas 3, 4, and 5 attempt to invoke an estoppel against the plaintiff growing out of an election in bringing a previous suit described in said pleas, to which said pleas the trial court overruled the plaintiff's demurrer and which said ruling presents the paramount question involved in this appeal.

The doctrine of estoppel by election exists if a person has a choice of actions, that is, the basis for the application of the doctrine is in the proposition, that where there is, by law, or by contract, a choice between the remedies, which proceed, upon opposite or irreconcilable claims of right, the one taken must exclude and bar the prosecution of the other. 9 R.C.L. p. 957, § 1.

"The principles governing election of remedies are necessarily based upon the supposition that two or more remedies exist. If in fact or in law only one remedy exists, there can be no election by the pursuit of another and mistaken remedy. It is a well-established rule that the choice of a fancied remedy that never existed and the futile pursuit of it, either because the facts turn out to be different from what the plaintiff supposed them to be, or the law applicable to the facts is found to be other than supposed, though the first action proceeds to judgment, does not preclude the plaintiff from thereafter invoking the proper remedy." 9 R.C. L. p. 962, § 9.

In other words, two or more actions must be open to and maintainable by the plaintiff when the election is made by the first suit. Southern Ry. Co. v. City of Attalla, 147 Ala. 653, 41 So. 664; Calhoun County v. Art Metal Construction Co., 152 Ala. 607, 44 So. 876; Todd et al. v. Interstate Mortgage & Bond Co., 196 Ala. 169, 71 So. 661; 20 C.J. p. 21, § 17, and many cases cited in note 43. As we understand, the first suit was upon an executed contract of insurance, while the second suit is based upon a failure to issue the policy of insurance. One for the breach of an executed contract and the other for the breach of an executory agreement to issue the policy of insurance, and both of these remedies were not open to the plaintiff or maintainable when the election was made. If the plaintiff relied upon the breach of an existing contract, he had no existing remedy on the breach of an agreement for failure to insure, or, if there existed a contract of insurance, it could not maintain an action for the breach of an agreement to insure.

The trial court erred in not sustaining the plaintiff's demurrer to the defendants' pleas 3, 4, and 5, and the judgment of the circuit court is reversed, the nonsuit is set aside, and the cause is remanded.

Reversed, rendered, and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.