(109 So. 613)

EARNEST v. STATE.    (6 Div. 932.)

(Court of Appeals of Alabama. Sept. 7, 1926.)

1. Criminal law ⬅️342.

Though proof of motive is not necessary, evidence of motive and of its extent or magnitude is always admissible.

2. Conspiracy ⬅️47.

Conspiracy need not be proven by positive or affirmative testimony, nor need prearrangement to do specific criminal act be shown, but it may be inferred from conduct of conspirators.

3. Conspiracy ⬅️41—If two or more persons enter unlawful undertaking to assist each other, each is responsible for everything consequently and proximately resulting from such purpose.

If two or more persons enter unlawful undertaking with common purpose to assist each other in whatever may grow out of enterprise, each is responsible for everything consequently and proximately resulting from unlawful purpose, whether specifically contemplated or not, and whether perpetrated by all or less than all of conspirators.

4. Criminal law ⬅️741(5), 742(2).

Weight and credibility of evidence tending to corroborate accomplice in killing was for jury.

5. Criminal law ⬅️858(3).

In homicide case, permitting jury to take with them into jury room grand jury notes admitted in evidence was not error.

6. Criminal law ⬅️720(9).

In homicide case, remarks in argument of solicitor, which were clearly deductions and con-

clusions predicated upon evidence, did not constitute error.

## 7. Criminal law ⚖═1037(1), 1044.

Mere objection to argument of solicitor, in absence of motion to exclude, is unavailing to present question for review on appeal.

## 8. Homicide ⚖═254.

Evidence *held* to sustain conviction for second degree murder.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Earl Earnest was convicted of murder in the second degree, and he appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

Counsel discusses the questions raised on the trial, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The venire was legal. Code 1923, § 8646; Hardeman v. State, 19 Ala. App. 563, 99 So. 53. Defendant's refused charges were covered by charges given, or were invasive of the jury's province, or were abstract, argumentative, or pretermitted a consideration of all the evidence. They were therefore refused without error. Morgan v. State, 20 Ala. App. 331, 102 So. 236; McColston v. State, 20 Ala. App. 591, 104 So. 347; Mann v. State, 20 Ala. App. 540, 103 So. 604; Young v. State, 20 Ala. App. 219, 101 So. 469. Circumstances leading up to and including the killing was competent evidence. Cobb v. State, 20 Ala. App. 3, 100 So. 463. Likewise evidence showing conspiracy. Cleveland v. State, 20 Ala. App. 426, 103 So. 707.

SAMFORD, J. This appeal is from a judgment of conviction of murder in the second degree.

The undisputed facts disclosed that Will Miller, the deceased named in the indictment, was shot and killed by one Walter Babb, that the weapon with which he was killed was a breech-loading double-barrel shotgun loaded with buckshot, and that said gun belonged to this appellant Earl Earnest.

The state insisted that this appellant was an accomplice of Babb and an accessory to the killing; that he aided and abetted therein, and advised said Babb to kill Miller, and was present when the killing occurred. In furtherance of this insistence the state offered evidence tending to show a motive upon the part of this appellant in the killing of Miller. The alleged motive sought to be proven was revenge, hatred, and ill will against said Miller for that he (Miller) had "turned up" a still which belonged to appellant and Babb, and the officers destroyed said still upon the information furnished them by Miller. It was undisputed that Earnest (appellant) and Walter Babb were jointly engaged in the distilling or manufacturing of whisky, that their first still was destroyed by officers, and that at the time of this killing they had a new still in operation, and Babb testified that appellant "told him that Miller was down there to turn up that new still just like he did the old still."

Earl Earnest owned a home over in Shelby county, and about eighteen miles from his mother, who lived in Jefferson county. Earnest and his wife, and Babb and his wife lived together in the Earnest home. On the day of the killing all four of these parties left the Earnest home to go to his mother's. They started on the trip just before dark; Earnest and his wife riding on the front seat of defendant's automobile and Walter Babb and his wife riding on the back seat of the car. In the car was the shotgun which belonged to Earnest, and it was loaded with buckshot. On the way to his mother's they overtook a man walking along the road going in the same direction. This man was recognized as Will Miller, the deceased, and Babb testified "that at that time appellant said 'Let's kill him.'" They drove on however to appellant's mother's home in Jonesboro, and remained there about 10 minutes; then started on their trip back over the same road deceased was traveling towards them. After traveling about 2 miles on their way back, they met Miller, and as to what then happened Babb testified:

"Earnest did not stop the automobile then. Just before we got to Will Miller, he told me to shoot him. I didn't do it; my wife asked me not to shoot him. I didn't shoot and we drove on by him, and when we got on down the road Earl (appellant) stopped the automobile and he said he wanted us to go back and kill him. My wife said, 'If you all want to do that, let us out of here,' so Frances (Mrs. Earnest) and my wife got out of the automobile. Earl was driving the car at that time, and he turned the car around and went back, and we overtaken him (deceased) again went on up there and turned around a second time, turning around between him and Bessemer that time and come back by him. Earl was driving the car then and I had the gun, and when we come on by Will Miller (deceased), Earl (appellant) told me to shoot him. When he got slowed up for me to kill him. I shot Will Miller with the shotgun. Our car at that time was going on towards home, going away from Bessemer, and we drove on. I shot him one time. We went on and picked up our wives and went on home where Earl and me was living. I heard next morning that Will Miller was killed or that they found him dead," etc.

On the trial of this case defendant made motion to quash the venire, but the court declined to do so. By brief of counsel, but without citation of authorities, it is insisted that in these rulings the court committed reversible error. We do not so conclude. Hardeman v. State, 19 Ala. App. 563, 99 So. 53; Code

1923, § 8646. The motions to quash were properly overruled.

Several hundred exceptions were reserved to the rulings of the court upon the admission of evidence. There is no necessity to discuss these innumerable ·exceptions in detail. The right of the state to show a motive is involved in many of them, and also the question of conspiracy is presented, as well as the rules of evidence governing the testimony given by an accomplice.

[1] As to showing a motive for the commission of an offense, the law says it is not necessary in order to prove the crime; but evidence of motive is always admissible. In other words, it is permissible in every criminal case to show that there was an influence, an inducement, operating on the accused, which may have led or tempted him to commit the offense. It may spring from the lust of gain, or the gratification of an unlawful passion, from animosity, ill will, hatred, or revenge. The extent or magnitude of such motive, whether great or small, is also a proper inquiry. The rulings of the court upon this subject are free from reversible error.

[2, 3] A conspiracy need not be proven by positive or affirmative testimony, nor need it be shown that there was prearrangement to do the specific criminal act complained of. A conspiracy may be inferred from the conduct of the conspirators; and the law is, if two or more persons enter on an unlawful undertaking, with common purpose to assist each other in whatever may grow out of their enterprise, each is responsible for everything which may consequently and proximately result from such unlawful purpose, whether it be specifically contemplated or not, and whether it be perpetrated by all or less than all of the conspirators.

[4] It cannot be questioned that the conviction of this appellant rested mainly upon the testimony of Walter Babb. This witness was an accomplice, under the evidence in this case; so the question is presented, this being a felony, Was the evidence of said witness corroborated by other evidence tending to connect the defendant with the commission of the offense? After a careful reading of all the evidence, we find there was much evidence adduced upon this trial which tended to corroborate the testimony of state witness Walter Babb; the weight and credibility of this evidence was for the jury. If such evidence was believed by them under the required rules, it was ample to justify the jury in the conclusion reached by them· and in the verdict rendered.

It appears to this court that the trial judge in the court below took the proper view of each of the issues involved upon the trial of this case, and we have failed to find any ruling of the court upon the admission of evidence which was calculated to injuriously affect the substantial rights of the accused.

We are· unable to sustain any of the exceptions reserved in this connection.

As no motion for a new trial is presented, the remaining questions, not hereinabove decided, relate to the exceptions reserved to the oral charge of the court, to the refusal of certain special charges requested in writing, and to certain objections and motions to exclude relative to the argument of the solicitor to the jury.

The excerpt of the oral charge of the court, to which exception was reserved, clearly and correctly stated the law. The charge of the court, as a whole, was able and fair, and without error.

[5] There was no error in permitting the jury to take with them into the jury room the grand jury notes which had been admitted in evidence on the‾trial of this case. The exception reserved in this connection is without merit.

[6, 7] The remarks in argument of the solicitor to which objections were interposed were clearly deductions and conclusions' predicated upon the evidence in this case, and were therefore legitimate. There was no motion to exclude the first statement appearing in the record to which objection was interposed. This question is therefore not presented. A mere objection to argument, in the absence of motion to exclude, is unavailing, and an exception of this character presents nothing for review. Russell v. State, 19 Ala. App. 425, 97 So. 845; Lambert v. State, 208 Ala. 42, 93 So. 708.

We have carefully examined each of the special written charges refused to defendant. Such of these charges as contained correct statement of the law were fairly and substantially covered by the court's oral charge and by the numerous special written charges given at the request of defendant. Some of the refused charges were abstract, and others clearly erroneous.

[8] The evidence adduced upon this trial presented a clear-cut issue of fact for the determination of the jury. We discover no reversible error in any ruling of the court. The record proper is regular in all things.

Judgment of conviction appealed from is affirmed.