9 So.2d 762

## BENTON v. STATE.

### 4 Div. 734.

Court of Appeals of Alabama.

April 14, 1942.

Rehearing Denied May 26, 1942.

Whaley & Whaley and Powell & Fuller, all of Andalusia, and W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

PER CURIAM.

This is an appeal by the petitioner from an order of the Circuit Judge denying his petition for habeas corpus in an effort to be allowed bail.

Appellant was and is being held in jail upon an indictment charging him with the offense of murder in the first degree. The presumption that obtains, upon his application, as here, for bail is too well understood to require restatement.

It is sufficient that we say that the evidence offered by petitioner to overcome this presumption, and that offered by the State in rebuttal is in sharp and irreconcilable conflict.

■ The rule by which the Circuit Judge, to whom the petition was presented below, is and was governed—and with which rule we have no reason to doubt his familiarity, nor conformance—is "to refuse bail in a case of malicious homicide, where the judge would sustain a capital conviction, pronounced by a jury, on evidence of guilt, such as that exhibited on the application for bail; and to allow bail, where the prosecutor's evidence was of less efficacy." Ex parte Nettles, 58 Ala. 268.

■ And, "when the question is presented to a revisory court [as here], much is due to the judgment of the primary tribunal. The witnesses are personally before it, and the examination is usually had near the scene of the alleged offense, and in the midst of the circumstances attending the transaction. In all investigations of criminal accusations, much depends on the manner in which the witnesses testify, the feeling of partiality or prejudice they may manifest, and their general demeanor. There the primary court has the opportunity of observing, and it should be clear that it has erred in its judgment, or a revisory court should abstain from interference." Ex parte Nettles, supra.

■ It being kept in mind that the instant application was made to the Judge of the Circuit Court—rather than to the Probate Judge—the opinion by Justice Stone in the case of Ex parte Weaver, 55 Ala. 250, is in every minute particular—save that here, the evidence for petitioner tended to show he acted in self-defense—rather than that he did not kill deceased—applicable to the question before us. We quote and adopt as our own its language—mutatis mutandis.

It follows, and it decides our case, to-wit:

"Stone, J.—The credibility of oral testimony depends in a large degree on the

manner of the witness on the stand. Hence, in criminal prosecutions, it is the constitutional right of the accused 'to be confronted by witnesses against him.' The defendant, by the finding of a grand jury, stood charged with the crime of murder. The testimony before the judge of probate was, in form, positive. If true, deceased came to his death by a most atrocious murder, of which defendant was the perpetrator. Standing by itself, it makes a case of 'evident proof,' within the letter of the constitution, and which denies to defendant the privilege of bail.—See Constitution, declaration of rights, section 17. There was testimony, which, if believed, tended strongly to show that defendant could not have committed the homicide. This conflict of testimony rendered it necessary for the judge of probate to weigh the evidence. The witnesses testified before him. He had the means of observing the degree of intelligence, and the matter of careful regard for truth, shown by each witness, which are the sure foundations on which confidence rests. Aye, more; he could, and doubtless did, scrutinize the deportment of the witnesses—the facial expression, not susceptible of description by either tongue or pen, which, with many other ingredients, constitutes what we call manner. He refused bail; and there is not enough in the record to justify us in reversing his decision.—See Ex parte McAnally, 53 Ala. 495, (25 Am.Rep. 646).

"We do not wish, however, to prejudge the case, to the defendant's injury. When the testimony goes before a jury, that body will be aided and enlightened, as the judge of probate was, by the presence and personal examination of the witnesses. They will not be trammelled by the finding of the judge of probate, nor by the refusal of this court to reverse his decision. They try the facts anew, and should give due weight to all the facts and circumstances in the case. If, upon all the testimony, there be left a reasonable doubt of the defendant's guilt, he should have the benefit of it. All we intend to say is, that, in entire ignorance of the manner of the witnesses, and with no means of informing ourselves on this point, we refuse to reverse the finding of the judge of probate, and refuse to award a writ of habeas corpus."

The judgment is affirmed.

Affirmed.

BRICKEN, Presiding Judge (dissenting).

In dissenting from the opinion of my associates I am impelled to state that in my firm judgment the evidence adduced upon the trial, of this proceeding, by which we are to be governed, falls far short of the inhibition provided by the Constitution of the State of Alabama, Article 1, Section 16. Said Section provides: "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

The foregoing expression, "when the proof is evident or the presumption great" when applied to the offense with which petitioner is charged, i. e. murder in the first degree, necessarily means there must be evidence beyond a reasonable doubt (1) that the killing complained of was willfully done, (2) that it was done with malice aforethought, (3) that it was done with premeditation, and (4) with deliberation, and, of course, unlawfully done. To bring the case within this class of homicide, in my opinion it would be necessary to go outside of the evidence disclosed by this record. Said evidence in no manner discloses that the defendant had any motive for the killing. So far as this evidence goes the defendant and deceased were on friendly terms toward each other just prior to the fatal difficulty. No threats, or ill will is shown; and certainly, no testimony tending to show premeditation or deliberation. If either of the foregoing essential ingredients are lacking in the testimony, the offense could not be murder in the first degree, therefore the proof is not evident, or the presumption great, and the defendant, under the constitutional provision, supra, would be entitled to bail. This petitioner, nor any other person charged with crime, should be punished for the commission thereof, until after his conviction therefor, by a jury of his peers.

The homicide in this case was indeed a most unfortunate one. The respective characters of the two principals were in evidence. That for the petitioner, good without conflict; for the deceased, the evidence was to the contrary, this without dispute.

I do not accord to the order entered by the trial judge in this proceeding. It is difficult to understand how any person with

a trained judicial mind could apprehend that any fair and impartial jury would ever under such evidence, as here adduced, inflict the death penalty, or where any fair and impartial trial judge would sustain a conviction for capital punishment, and unless this affirmatively appears the petitioner is under the fundamental law of this State entitled to bail.

It is apparent from the majority opinion (Per Curiam) that my associates predicated the conclusion therein announced mainly upon the rule, correctly stated in said opinion as follows: "And, 'when the question is presented to a revisory court (as here), much is due to the judgment of the primary tribunal. The witnesses are personally before it, and the examination is usually had near the scene of the alleged offense, and in the midst of the circumstances attending the transaction. In all investigations of criminal accusations, much depends on the manner in which the witnesses testify, the feeling of partiality or prejudice they may manifest, and their general demeanor. There the primary court has the opportunity of ·observing, and it should be clear that it has erred in its judgment, or a revisory court should abstain from interference.' "

To apply said rule here, as being conclusive, I think is of very doubtful propriety, for the reason we are advised, in brief and by argument, that by consent of parties, the record of the testimony taken before the jury was submitted to the trial judge and upon which, solely, he based his order of denial of bail. There were no witnesses examined before the judge in this proceeding as a result of said agreement of parties. We are further directly informed that the jury, selected mutually by the State and defendant, who also saw the witnesses and observed their demeanor on the stand, after deliberating for many hours, failed to reach a verdict as to the guilt of the defendant for any degree of homicide, and a mistrial was accordingly entered by the trial judge, as the law provides. These facts clearly appear on this hearing, and in my opinion, as stated, renders very doubtful the propriety of predicating an affirmance here, upon said stated theory or rule, when as a matter of fact in this hearing below no witness was introduced by either side, and upon the very same evidence, arguments of counsel, and instructions of the court, the jury trying the case failed to find a verdict that the defendant was guilty, under this evidence, of any degree of homicide.

Bail should not be denial for the purpose of punishing a person charged with crime. Bail is exacted for the sole purpose of securing the attendance of the defendant at court at all times when his presence may be lawfully required, and his rendering himself in execution of any legal judgment that may be pronounced against him.

It is my opinion that the order of the trial judge denying bail to petitioner should be here reversed, and an order entered that said judge should set a reasonable and sufficient amount of bond, and give to petitioner the right to furnish a bail bond with good and sufficient sureties, as the law provides and requires.

### On Rehearing.

SIMPSON, Judge.

The per curiam opinion, above, written by my associate, Judge Rice (and in which I concurred), is adhered to, but we think it appropriate to add that the trial judge who presided at the hearing for bail was the same circuit judge who presided at the murder trial. So, even though the evidence in the pending proceedings was that which had been recorded at the murder trial, the trial judge in the bail proceedings did hear each and all of the witnesses testify. Hence there is basis for the statement in Judge Rice's opinion that the "witnesses were personally before" the court.