16 So.2d 725

### CATRETT v. STATE.

#### 4 Div. 821.

Court of Appeals of Alabama.

Jan. 11, 1944.

Rehearing Denied Jan. 25, 1944.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

Carnley & Carnley, of Elba, for appellant.

SIMPSON, Judge.

Proceedings of habeas corpus.

Appellant, under indictment for murder in the first degree, was denied bail by the circuit judge and appeals here for a reversal. This court, sitting en banc, has read and carefully studied the entire evidence. It is our considered judgment that bail should be allowed.

We are mindful of the presumptions appertaining upon such applications, viz., that bail should be refused in a case of malicious homicide where the judge would sustain a capital conviction pronounced by a jury on evidence of guilt such as that exhibited on application for bail, and should be allowed where the State's evidence is of less efficacy. Ex parte Nettles, 58 Ala. 268. And that when the question is presented to a revisory court, as here, much weight is to be accorded to the decision of the primary court. Ex parte Nettles, supra.

328

These well-known principals were restated in our recent case of Benton v. State, 30 Ala.App. 526, 9 So.2d 762 (cited by the Attorney General to sustain an affirmance), but they do not militate against the conclusion that the evidence here does not meet such a test.

The deceased, a constable, entered the home of defendant, with drawn pistol, and was killed as he entered the room where defendant was sitting. The two were strangers and, from aught appearing in the record, defendant had no knowledge or notice of the official character of deceased; neither is it shown that deceased had the right to exercise any official authority. He had no warrant, nor does the evidence disclose a right to arrest without one.

▮ The following rules of law are apposite and are sustaining authorities for a reversal and grant of bail:

"In all cases of the killing of an officer * * * in resistance of an arrest, a material inquiry in determining the degree of the homicide is whether the party resisting had knowledge or notice of official character and of presence for the exercise of official authority. If there is not such knowledge or notice, the homicide cannot be more than manslaughter, unless the resistance was 'in enormous disproportion to the threatened injury.'" Brown v. State, 109 Ala. 70, 89, 20 So. 103, 110.

"It is not the duty of the citizen to submit to any other than a lawful arrest. It has been said the duty 'is found in the law side by side with the right of resistance to an unlawful one; and it is quite as important that no one should be unlawfully taken as that every one lawfully accused should be made to answer.'" Sanders v. State, 181 Ala. 35, 47, 61 So. 336, 340.

▮ Our scant reference to the evidence hereinabove is merely to elucidate the proposition and is to be considered as wholly without prejudice to the State's case upon the main trial. We are not intimating, nor could we, of what degree of homicide, if any, the defendant may be guilty. What we do say is that a capital conviction should not be sustained upon the recorded evidence, so perforce bail must be granted.

The record does not reflect the condition of the defendant so as to apprise us the amount of bail necessary to meet the ends of justice. The judgment is reversed and the cause remanded, therefore, with directions that the circuit judge fix bail in such reasonable amount as will insure defendant's appearance in court, pursuant to law.

Reversed and remanded, with instructions.