27 So.2d 239

## TURNER v. STATE.

### 6 Div. 351.

Court of Appeals of Alabama.

Aug. 1, 1946.

Finis E. St. John, of Cullman, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

CARR, Judge.

This is an appeal from an order of the Presiding Judge of the Circuit Court of Cullman County, Alabama, denying a petition for bail on a charge of the offense of rape.

The following signed agreement appears in the record: "In this case it is agreed by the State of Alabama, by and through Its Circuit Solicitor, George C. Johnson, and John A. Chapman, Specially employed to prosecute, and the Defendant, Aubrey L. Turner, in person and by his Attorney of Record, Finis E. St. John, Jr., that the testimony that has heretofore been taken in the preliminary hearing in this case before the Honorable W. Marvin Scott, a Justice of the Peace, and which was transcribed by Mrs. Orlean Keller, may be used as constituting all the evidence in the case, in the event there is an appeal from the hearing on the petition for a writ of habeas corpus."

At common law all charged crimes were bailable, and this right is given under our Constitution and laws, "except for capital offenses, when the proof is evident or the presumption great." Section 16, Dec. of Rights, Constitution 1901; Ex parte McAnally, 53 Ala. 495, 25 Am.Rep. 646.

On a conviction for rape capital punishment may be imposed. Title 14, Section 395, Code 1940.

"A defendant cannot be admitted to bail when he is charged with an offense which may be punished by death, if the court or magistrate is of the opinion, on the evidence adduced, that he is guilty of the offense in the degree punishable capitally * * *." Title 15, Section 195, Code 1940. See also, Title 15, Section 196, Code 1940.

By a long line of authorities it has been held that a safe rule to follow is to deny bail if the court would sustain a capital conviction by a jury based on the same evidence as that taken at the hearing seeking bail; and to allow bail if the evidence is not so efficacious. Ex parte Nettles, 58 Ala. 268; Ex parte Brown, 65 Ala. 446; Ex parte Sloane, 95 Ala. 22, 11 So. 14; Earnest v. State, 21 Ala.App. 534, 109 So. 613.

We will adhere to our accustomed practice in cases of instant inquiry and not set out or comment on the evidence.

At the time of the alleged crime the prosecutrix was fourteen years of age. She gave her testimony bearing on the occurrence. Petitioner did not testify at the hearing. The offense of rape is complete when it is shown by the evidence that the woman is made to yield through force or fear and does not consent voluntarily to the act of sexual intercourse.

After careful consideration of the record in this case we are not impressed that the judgment of the primary court should be disturbed.

The order denying the writ is, therefore, affirmed.

Affirmed.