36 So.2d 250

## FREE v. STATE.
### 5 Div. 263.

Court of Appeals of Alabama.
June 18, 1948.

Geo. P. Howard, of Wetumpka, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This is an appeal from a decree of the lower court denying appellant's petition for a writ of habeas corpus, and remanding him to the custody of the Sheriff of Elmore County. The appellant is held by the Sheriff on a warrant and affidavit charging rape.

The alleged ravished girl is thirteen years of age. Section 16 of our Constitution of 1901 provides: "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

We have carefully considered en banc the picture presented by the evidence contained in this record. If the State's evidence be believed under the required rule it tends clearly to make out a case of carnal knowledge of a girl over twelve and under sixteen years of age, an offense denounced by Section 399, Title 14, Code of Alabama 1940.

The evidence is not, in our opinion, sufficiently efficacious to sustain a death sentence, if indeed it will sustain the charge of rape. The appellant should therefore be permitted bail. Turner v. State, 32 Ala. App. 465, 27 So.2d 239; Earnest v. State, 21 Ala.App. 534, 109 So. 613; Parsons v. State, ante, p. 309, 33 So.2d 164.

The judgment and decree of the court below denying appellant bail is reversed, and it is hereby ordered that he be released upon his furnishing bail in a reasonable amount to be fixed by the lower court.

Reversed and remanded with instructions.

The opinion in this cause is hereby amended to the extent that it is hereby ordered that the appellant be released upon his furnishing bail in the amount of $2000.-00 to be approved by the Circuit Judge below or by the Sheriff of Elmore County, in compliance with Section 194, Title 15, Code of Alabama 1940.