37 So.2d 244

### ELLER v. STATE.
### 6 Div. 720.

Court of Appeals of Alabama.

Oct. 7, 1948.

158

John R. Robinson, of Gadsden, and P. A. Nash of Oneonta, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

HARWOOD, Judge.

This is an appeal from a decree of the lower court denying appellant's petition for a writ of habeas corpus and remanding him to the custody of the Sheriff of Blount County.

The appellant is held by the Sheriff on a warrant issued pursuant to an indictment returned against appellant. The indictment contains two counts, the first charging rape and the second charging carnal knowledge of a girl over 12 and under 16 years of age, an offense denounced by Section 399, Title 14, Code of Alabama 1940.

The girl involved was 13 years of age at the time of the alleged offense.

Section 16 of our Constitution of 1901 provides:

"That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

According to the prosecutrix the appellant, who is 26 years old, was, on the night of February 29, 1948, accompanying her from her aunt's home to her own home about a quarter of a mile away. When still within sight of the aunt's home, and while the aunt's home was still lighted, and occupied by the prosecutrix's aunt and uncle, prosecutrix alleges that the appellant pushed her to the ground, removed the overall pants she was wearing, and had intercourse with her. Prosecutrix alleges that she attempted to push the appellant away during this time; she did not however make any outcry as appellant had told her he would choke her if she did.

After this occurrence the prosecutrix recovered her overall pants and put them on. She and appellant then returned to the aunt's home and she reported the matter to her aunt.

Later that night upon returning to her home she also told her mother of her alleged abuse by the appellant.

The mother testified that she found the prosecutrix's under panties bloody upon examination of them.

The appellant testifying in his own behalf denied that he had had intercourse with the prosecutrix on the occasion in question, or had abused her in any manner

Without discussing the well settled and understood principles governing the offense of rape we think it sufficient to state that careful consideration of the evidence contained in this record, and the picture thereby presented, this court is unanimously of the opinion that the evidence presented by the state is not sufficiently efficacious to sustain a death sentence should a jury, in a future trial of this case find the appellant guilty of rape and impose such capital punishment.

The offense of carnal knowledge charged in count 2 of the indictment is a non capital offense.

This appellant should therefore, in our opinion, be permitted bail. Turner v. State, 32 Ala.App. 465, 27 So.2d 239; Earnest v. State, 21 Ala.App. 534, 109 So. 613; Free v. State, 33 Ala.App. 620, 36 So.2d 250, 251.

The judgment and decree of the lower court denying bail to appellant is reversed and it is hereby ordered that appellant be released upon his furnishing bail in the amount of $2500.00 to be approved by the

Circuit Judge below or the Sheriff of Blount County, as provided by Section 194, Title 15, Code of Alabama 1940.

Reversed and remanded with instructions.