41 So.2d 653

## BURDITT v. STATE.

### 4 Div. 112.

Court of Appeals of·Alabama.

June 21, 1949.

·Mulkey & Mulkey, of Geneva, for ·appellant.

A. A. Carmichael, Atty. Gen., for the State.

HARWOOD, Judge.

This is an appeal from a decree of the lower court denying appellant's petition for a writ of habeas corpus, and denying his alternative prayer for bail.

The appellant is held by the Sheriff of Geneva County, Alabama, under a commitment issued by the Inferior Court of Geneva County, after a preliminary hearing, in which petitioner was bound over, without bail, on a charge of rape, to await the action of the Grand Jury.

The young lady involved in this case is 17 years of age, and apparently appellant is of about this age also.

At common law all charged crimes were bailable, and this right is given under our Constitution and laws, except for capital offenses, when the proof is evident or the presumption great. Turner v. State, 32 Ala.App. 465, 27 So.2d 239, 240. In the Turner case, supra, it is stated: "By a long line of authorities it has been held that a safe rule to follow is to deny bail if the court would sustain a capital conviction by a jury based on the same evidence as that taken at the hearing seeking bail; and to allow bail if the evidence is not so efficacious. Ex parte Nettles, 58 Ala. 268; Ex parte Brown, 65 Ala. 446; Ex parte Sloane, 95 Ala. 22, 11 So. 14; Earnest v. State, 21 Ala.App. 534, 109 So. 613."

After a careful consideration of this case en banc, the writer, and Bricken, Presiding Judge, are of the opinion that the evidence submitted is not of sufficient

efficaciousness to sustain a death penalty. Carr, Judge, is of the opinion that the decree of the lower court should be affirmed.

It being the opinion of the majority of this court that appellant should be allowed bail, this cause is hereby reversed, and it is ordered that the appellant be released upon his furnishing bail in the amount of $2,000 to be approved by the Circuit Judge below, or by the Sheriff of Geneva County, in compliance with Section 194, Title 15, Code of Alabama 1940.

Reversed and remanded with instructions.

CARR, Judge, dissents.