55 So.2d 757

## STREET v. STATE.

### 6 Div. 431.

Court of Appeals of Alabama.

Dec. 18, 1951.

T. C. McVea, Birmingham, for appellant.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., and Chas. C. Carlton, Montgomery, of counsel, for the State.

342

**CARR, Presiding Judge.**

This appeal is from an order of the judge of the court below denying petitioner bail in a habeas corpus proceeding.

At the time the petition was filed the appellant was imprisoned in the county jail of Jefferson County, Alabama, on a charge of rape.

When the alleged assault was committed, the prosecutrix was sixteen years of age, and the accused was twenty-six.

According to the testimony of the young lady, the appellant accosted her on a street in the City of Birmingham and at the point of a pistol forced her into his automobile. He carried her to a secluded place on the outskirts of the city. There, by means of a rope, he securely tied her hands behind her back, and forced sexual intercourse with her.

The physician who examined the young lady several hours later testified that he observed plainly the imprint of the rope on the wrists of the prosecutrix.

The appellant admitted at the trial of the habeas corpus proceedings that he picked the young lady up and carried her to the secluded place and there had sexual intercourse with her. He denied that force of any kind was used and claimed that the journey and the relationship were in accord with mutual consent.

This scant delineation of the evidence will suffice to form an intelligent factual basis for our review.

Title 15, Sec. 195, Code 1940, directs in part that "A defendant cannot be admitted to bail when he is charged with an offense which may be punished by death, if the court or magistrate is of the opinion, on the evidence adduced, that he is guilty of the offense in the degree punishable capitally * * *."

On a conviction for the offense of rape, the jury may impose the death penalty. Title 14, Sec. 395, Code 1940.

In Ex parte McAnally, 53 Ala. 495, Justice Brickell stated the rule which our courts have followed in numerous cases:

"The question, in legal contemplation, is on an application for bail, therefore, whether the offense is of the character which may be punished capitally. Ex parte McCrary, 22 Ala. 65. Ascertaining that to be the character of the offense imputed to the accused, the next inquiry is, is 'the proof evident, or the presumption great,' of the defendant's guilt. If it be not, whatever may be the probable cause to detain him to answer before a tribunal competent finally to adjudge the inquiry, he is entitled not to a discharge, but to bail. If the proof is evident, or the presumption great—if the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right."

The effect of the holding in the case of Ex parte Nettles, 58 Ala. 268, is that when the judge of the lower court denies bail, and the correctness of this decision rests on the weight of the evidence, this judgment should not be disturbed by the appellate court, unless it is very clear that the primary court has erred.

Of course, the reason for this rule is apparent. The judge in the lower court has the superior advantage of observing the conduct and demeanor of the witnesses. His opportunity of weighing and evaluating the evidence is greatly aided on this account.

We will adhere to our usual custom in cases of this nature and not attempt to analyze the evidence nor express any view as to its weight.

The following authorities support our view that the judgment at nisi prius should not be disturbed. Ex parte Richardson, 96 Ala. 110, 11 So. 316; Ex parte Sloane, 95 Ala. 22, 11 So. 14; Ex parte Brown, 65 Ala. 446; Parsons v. State, 33 Ala.App. 309, 33 So.2d 164; Turner v.

State, 32 Ala.App. 465, 27 So.2d 239; Benton v. State, 30 Ala.App. 526, 9 So.2d 762.

It is ordered that the judgment of the court below be affirmed.

Affirmed.